## GREGG v. THOMPSON.

1. Jurisdiction: COLLATERAL ATTACK. In collateral proceedings the ruling of a court of general jurisdiction upon its jurisdiction to render a judgwill not be reviewed.

*Appeal from Wooabury District Court.*

TUESDAY, OCTOBER 11.

THE material facts are stated in the opinion of the court.

*S. Sibley* for the appellant.

*Casady & Polk* for the appellee.

LOWE, J.—We have, in this case, an exemplification of a record in an action of right. It shows that the plain-

tiff derived his title to the land in dispute from a judicial sale founded upon a judgment in attachment. The only defense pleaded meriting attention is, that the notice in the attachment proceeding was insufficient, and the court failed, on that account, to obtain jurisdiction of the person of the defendant. The cause was tried by the court, who made the following special finding of the facts bearing upon the defense pleaded. That the defendant, in the attachment, was at the time a non-resident; that the notice of the pendency thereof, was published in the Sioux City Register four successive weeks, the first publication being on the 8th day of December, 1860; that said notice did not name the year in which the term of the court would be held, but designated the term as the April term of the District Court of Woodbury county, Iowa; that the affidavit proving the publication of said notice, does not state the county in which the publication was made, or that it was made in a weekly newspaper; that the judgment entry in said attachment suit recited, among other things, the following facts: "That the defendant being three times called, made default; and it appearing to the court, from the papers in the case, that affidavits had been filed as required by law, and that service by publication had been duly and legally made on the defendant," &c.

1. JURISDICTION: collateral attack.

The question is, not that there was no notice served in the attachment suit, but that it was insufficient. Without determining whether the defect complained of could be taken advantage of as error, we have no hesitation in pronouncing its unassailability in a collateral proceeding of this nature. The principle of presumption supporting the jurisdiction, where the same has once been passed upon by a court of general jurisdiction, has been so often stated and laid down in this and other courts, that the profession

can scarcely expect a change of the rule, or a further explication thereof.

We content ourselves by referring to three or four cases, as especially settling the particular question involved in this case. *Boker et al.* v. *Chapline et al.*, 12 Iowa, 204; *Grignon's Lessees* v. *Astor*, 2 How., 319; *Lessees of Paine* v. *Mooreland*, 15 Ohio, 435; *Bromley* v. *Smith*, 2 Hill, 517.

Affirmed.