The opinion of the court was delivered by
Valentine, J.:
This was an action brought by Joshua Clayton and James Clayton, partners as Clayton & Clayton, against E. W. Burton, G. N. Moses and E. R. Moses, partners as Burton, Moses & Bro., G. W. Ashton and G. Landis, to have the question adjudicated and determined as to whether Clayton & Clayton or Burton, Moses & Bro. and G. W. Ash-ton had the prior attachment lien upon certain property attached as and belonging to G. Landis. It is admitted that the attachment of Burton, Moses & Bro. and G. W. Ashton is prior> in time to that of Clayton & Clayton, but Clayton & Clayton claim that the attachment of Burton, Moses & Bro. and G. W. Ashton was illegal, fraudulent and void, and obtained solely for the purpose of defrauding Clayton & Clayton, and other creditors of the said G. Landis. It is admitted that the' petition of Clayton & Clayton in the court below sets forth facts sufficient to constitute a cause of action, and that the answer of the defendant G. W. Ashton is sufficient to put in issue all the facts alleged in the petition. The answer is in fact a general denial. Whether the other defendants, Burton, Moses & Bro. and G.. Landis filed any answer or not, the record does not show. A trial was had before the court without a jury, upon the issues presented by the petition of the plaintiffs Clayton & Clayton and the answer of the defendant G. W. Ashton, upon an agreed statement of facts. This agreed statement of facts reads as follows:
“September 6th, 1878, Burton, Moses & Bro. obtained judgment against G. Landis, in the district court of Barton county, Kansas, on two promissory notes for the sum of one hundred and eighty and dollars and costs. The two notes on which said judgment was rendered were not canceled by the court, but were retained by Burton, Moses & Bro. On or about October 1st, 1878, the defendant G. Landis, desiring to sell certain real estate, for the purpose of removing the lien *628 of said judgment and costs, effected a compromise with the said Burton, Moses & Brother to pay the sum of $112.89, in full of said judgment; and the defendant George W. Ashton, at the request of said G. Landis, agreed to and with said Burton, Moses & Bro. to stand good to them for the amount so agreed upon to be paid by said Landis to satisfy said judgment; and thereupon said Burton, Moses & Bro. satisfied said judgment on the judgment docket of said court; and afterward said George W. Ashton did pay to said Burton, Moses & Bro. the amount he had so as aforesaid become responsible for, and received from Burton, Moses & Bro. the notes which we're the subject of the action, and upon which thejudgment was ren-’ dered. Landis promised to repay Ashton the face of these notes and interest. He however neglected to reimburse Ash-ton, and on the 9th day of October, 1878, Ashton brought suit against Landis to recover the value of said notes. Ash-ton brought the last-mentioned suit, by the advice of his attorney, in the name of Burton, Moses & Bro., as plaintiffs, and upon said two notes above mentioned. On said 9th day of October, 1878, in said suit, Ashton caused an attachment to be levied upon the property of G. Landis. Ashton obtained a judgment, in the name of Burton, Moses & Bro., against Landis in said suit, and the property so attached was sold to satisfy said judgment. On the same day, and immediately after Ashton had caused the attachment to be levied, Clayton & Clayton, having brought a suit against G. Landis, levied an attachment upon the same goods-which Ashton had attached, and subject to Ashton’s levy. The satisfaction of Ashton’s judgment, obtained in the name of Burton, Moses & Bro., exhausted the proceeds of the sale of this property attached, and Ashton received therefrom $168, and Clayton & Clayton got nothing. It is agreed that if Clayton & Clayton can recover anything, they shall recover the amount prayed for in the petition. It is also agreed that G. Landis, at the time Ashton brought said suit, was indebted to Ashton on account in the sum of $60, which sum has not been paid otherwise than by satisfaction of said judgment.”
Upon the foregoing agreed statement of facts the court below rendered judgment in favor of the plaintiffs, Clayton & Clayton, and against the defendant, G. W. Ashton, giving to the plaintiffs the proceeds of the attached property. The only question now presented is, whether the agreed statement *629 of fácts authorizes such a judgment; or in other words, who had the prior lien upon the property. — the plaintiffs, or the defendant Ashton?
The two attachments were levied upon the property the samé day, to wit, upon October 9, 1878; but Ashton’s attachment was levied upon the property a short time before the attachment of the plaintiffs was levied upon the same. It is admitted by Ashton that the plaintiffs’ attachment was valid,- but he claims that his own attachment created the prior lien upon the property; while the plaintiffs claim that Ashton’s attachment was wholly illegal and void, and did not create any lien upon the property — and we are inclined to think the plaintiffs are correct.
The claim upon which Ashton’s attachment was issued had no existence in law. The claim was not “just,” nor could any person say that “the plaintiff ought to recover” anything upon it. The claim was upon two promissory' notes; but these notes had long prior to that time been merged in a judgment, and the judgment had been paid and satisfied. The action in which Ashton’s attachment was issued was prosecuted in the name of Burton, Moses & Bro.; but Burton, Moses & Bro. had no claim against Landis or his property. They were not creditors of Landis, and Landis owed them nothing. The claim at the time the action was brought was a mere fiction; and Burton, Moses & Bro. did not bring the action, nor authorize it to be brought. It was brought solely and entirely by Ashton, but in the name of Burton, Moses & Bro. Ashton had a claim, and indeed we suppose he had two claims against Landis; but he did not bring the action upon either of his own claims, but brought it upon the old and original claim of Burton, Moses & Bro., which claim had a long time previous to that time been paid, satisfied and extinguished.
Now such a claim we do not think is sufficient to sustain an attachment, and certainly not as against creditors who have a right to attach the property and who do attach it. We suppose that Landis could waive the wrongful issue of the *630 attachment, so far as he is personally concerned; but he could not waive it so as to prevent his creditors from raising the question of its wrongful issue and its invalidity. If Landis chose, he could allow Ashton to sue upon a claim that had long prior to that time been paid and satisfied, and could allow him to obtain a judgment thereon; and perhaps others could not complain of his judgment. But Landis could not allow Ashton, upon such a claim, to take property belonging to Landis, by attachment or otherwise, necessary to pay the just debts of Landis; or in other words, Landis and Ashton could not together use such a claim to take away the property of Landis, so as to defeat the creditors of Landis in the collection of their debts. They could not thus take away the property of Landis so as to defeat the creditors of Landis from levying attachments upon it. Hence, we should think that Ashton’s attachment as against the plaintiffs in this action, Clayton & Clayton, was void. Attachments are allowed to be' issued only for the satisfaction of “just” claims, and claims upon which “the plaintiff ought to recover.” Now the claim upon which Ashton’s attachment was issued was not a just claim, and the plaintiffs in the action, Burton, Moses & Bro., had no right to recover anything thereon; nor did even Ashton himself have any right to recover anything thereon; and it could make no difference that Ashton may have had a just claim against Landis, for he did not sue upon his own claim, nor did he sue in his own name; but he merely sued in the name of Burton, Moses & Bro., to recover a claim which at one time had existed in favor of Burton, Moses & Bro., but which had at that time, and long prior thereto, been satisfied and extinguished.
We do not think that an attachment issued under such circumstances and levied upon property should be considered as having any validity as against a creditor who, upon the same day, has levied another attachment upon the same property.
The judgment of the court below will be affirmed.
Horton, C. J., concurring.