THE WM. W. KENDALL BOOT AND SHOE COMPANY *et al.*
v. ELI J. AUGUST *et al.*

1. ATTACHMENT—*Verification of Motion to Discharge.* A motion to discharge an attachment, which contains an explicit denial of the allegations in plaintiff's affidavit for attachment, is sufficient to raise an issue as to the truth of the grounds laid for attachment, and a verification of the motion or of the allegations of denial is not essential.

2. MOTION TO DISSOLVE, *Who May Make.* One claiming to be the owner of property which has been attached, although not a party to the proceeding, may move the court to discharge the attachment; and the fact that after the motion to discharge was filed he began an action of replevin and obtained the possession of the attached property under the writ issued in that action will not prevent the hearing, and decision of the motion to discharge.

*Error from Atchison District Court.*

PROCEEDINGS in attachment by the *Boot and Shoe Company* and others against *August* and another. There was an order discharging an attachment, and plaintiffs bring error. The opinion, filed March 11, 1893, states the facts.

*L. F. Bird,* for plaintiffs in error:

1. No affidavit denying the grounds of attachment was made or filed by Jacob August, or by the defendant, or by anyone for the defendant. Until an affidavit denying the grounds of the plaintiff's affidavit for attachment was made or filed, there was no issue to try. The filing of this affidavit by the defendant, or some one on his behalf, is imperative. 1 Wade, Attach., ch. 20, §§ 276 *et seq.* And no case can be found in the Kansas reports or any other reports where an attachment was dissolved without an affidavit being filed by the defendant, or some one on his behalf, denying the grounds of attachment, and joining an issue for trial. Thus, in *Watson v. Jackson,* 24 Kas. 443, an affidavit was filed by the defendant. In *Grocery Co. v. Records,* 40 Kas. 119, an affidavit was made and filed by the assignee. In *Long v. Murphy,* 27

Kas. 375, the defendant filed a proper motion and affidavit to discharge the attachment, and the attachment was dissolved as to the defendant. Of course, in that case, the plaintiff's attachment having been dissolved, it would be immaterial to him to what person the court directed the property to be delivered, as such order directing the delivery of the property could not affect him.

See, also, *Steuben County Bank v. Alberger*, 55 How. Pr. 484; *Capehart v. Dowery*, 10 W. Va. 130, 135; *Claussen v. Easterling*, 19 S. C. 520.

2. No motion having been made by the defendant to dissolve the attachment, and no affidavit having been filed on his behalf denying the grounds of attachment, and Jacob August having, long prior to the day of the hearing of his motion to discharge the attached property, replevied the property and taken it into his possession, there was no longer anything in the proceeding that interested Jacob August or affected him in the least. Civil Code, § 532.

3. Conceding that Jacob August, prior to the time of the institution of his action of replevin, had a right to file a proper motion and affidavit for the discharge of the attached property, yet, having elected to commence an action of replevin, he was bound by such election, and cannot now insist that the property attached was wrongfully in the hands of Sheriff Barry. *Walsh v. Railroad Co.*, 59 Mo. 472; *Beal v. Pearre*, 12 Md. 566; *Ware v. Perceival*, 61 Me. 392; *Goodrich v. Yale*, 97 Mass. 16, 17; *Bennett v. Hood*, 1 Allen, 47, 48; *Smith v. Way*, 9 id. 473.

*W. W. & W. F. Guthrie*, for defendants in error:

1 Wade on Attachment (chapter 20, §§ 276 *et seq.*) is cited, to the effect that the filing of an affidavit by the defendant, or some one on his behalf, is imperative. There is not a syllable to this effect in the whole of such chapter 20. In fact there is not a case in the Kansas reports in which the question of filing an affidavit denying the grounds of attachment, in support of the motion for the dissolution thereof, is dis-

cussed or commented on as a necessary auxiliary to the motion, or in any other respect than as affecting the burden of proof upon the hearing of the motion.   In *Long v. Murphy*, 27 Kas. 375, cited for plaintiffs, instead of the case as reported showing an affidavit as filed with the motion, there is not a word in the case to the effect that any such affidavit was filed at all.   The same is true in *Doggett v. Bell*, 32 Kas. 298, and in *Hillyer v. Biglow*, 47 id. 473.

In fact, an affidavit for an attachment is not a "pleading," and need not be controverted in the technical sense of "joining an issue."   *Boston v. Knight*, 3 Kas. 227, and *Johnson v. Laughlin*, 7 id. 359.

The second point attempted to be made in the Kendall brief is involved in the third ground, and together they raise the question whether the fact that Jacob August had commenced an action of replevin for the goods attached before (on the contrary, four days after) the filing of his motion in the attachment action precluded him from filing such motion. Even if the replevin suit had been directed against the sheriff in his official capacity, August would still have been interested in discharging his property from the lien still claimed to exist against it.   Any of the numerous defenses in replevin might be made by Barry in the replevin suit.   Meanwhile, the Kendall company, as an attaching creditor, was claiming a lien on goods claimed by Jacob August as his own. Under the decisions of this court, Jacob August very properly moved in the attachment action to discharge and cancel this lien.   The court has long since decided, in one of the cases cited in the Kendall brief itself, that a party may have both remedies.   *Watson v. Jackson*, 24 Kas. 442.   In this case it was held that the fact that there was a motion to dissolve an attachment did not prevent the party filing the motion from thereafter suing in replevin, and this although his motion to dissolve the attachment had been overruled, and if both in turn, then both concurrently.   And to the same effect is *White-Crow v. White-Wing*, 3 Kas. 276.

The assignee clearly had the right to move in the matter.

Under § 532 of the code, a person not a party to the suit may move therein if interested or affected thereby. This was first held to include a third party interested in land, the sale of which on execution against another was about to be confirmed. *White-Crow v. White-Wing*, 3 Kas. 276; *Harrison v. Andrews*, 18 id. 535. And afterward to include a third party whose land was attached in a suit against another. *Long v. Murphy*, 27 Kas. 381.

The fact that the defendant in attachment has executed chattel mortgages on all his property would not preclude him from moving to discharge an attachment. His contingent interest in the property would support the motion. *Boot and Shoe Co. v. Derse*, 41 Kas. 152. An assignee for the benefit of creditors is entitled to move to discharge from attachment the property assigned to him. *Grocery Co. v. Records*, 40 Kas. 119.

The opinion of the court was delivered by

JOHNSTON, J.: For several years prior to January 1, 1890, Eli J. August was engaged in the sale of boots and shoes at Atchison, and to quite an extent on borrowed capital. He had two business houses, which are spoken of as the "up-town" and "down-town" stores. In December, 1889, he became financially embarrassed, and unable to meet the accruing claims of creditors. On December 30, 1889, he sold and delivered to his father, Jacob August, his uptown store, to satisfy certain claims which his father held against him; and on January 1, 1890, he executed two mortgages on his other stock of goods to certain creditors which he preferred, and also a third mortgage to all the remaining creditors. The last-named creditors did not choose to rely on the mortgage executed in their favor, and many of them caused attachments to be issued and levied on the two stocks of goods, and notices of garnishment were also served on Jacob August and the preferred creditors. To prevent further attachments, and to protect and preserve his property to the creditors secured by the third mortgage, on January 6, 1890,

he made a general assignment of his property or the benefit of all his creditors, and designated J. P. Adams as assignee, who afterwards was duly appointed permanent assignee by the court. The attaching creditors, 14 in number, continued to press their claims to the property, and motions to discharge the several orders of attachment and garnishment, and to discharge the garnishee, were made by Eli J. August, Jacob August, and the assignee.

On February 10, 1890, and by agreement of the parties, all of the motions were heard on the same evidence, and the court was to make conclusions of fact and law in one set, which were to apply to all cases. The court reached the conclusions that the sale of the stock of goods to Jacob August was made in good faith, and that the three chattel mortgages which have been mentioned, were made in good faith and were valid, and ordered that the attachments and garnishments in the several causes should be dissolved and discharged. Eleven of the creditors joined in bringing this proceeding in error, asking for a reversal of the orders made by the district court, but all of them have abandoned the case except the Wm. W. Kendall Boot and Shoe Company. The claim of this company was $737.75, and its attachment was levied upon the uptown store, which had been transferred to Jacob August. The only motion to discharge the attachment in the Kendall case was made by Jacob August. No affidavit denying the grounds of attachment was made or filed by Jacob August, and it is insisted that, until an affidavit denying the grounds for attachment was made, there was no issue to try. There can be no question as to the right of Jacob August to ask for a discharge of the property. It was found by the court, and upon sufficient evidence, that the goods purchased by him were not worth any more than the price paid for the same, and that the sale was valid. As owner of the property and interested in discharging it from the attachment, he was authorized to move the court to discharge the attachment levied upon his property. (Civil Code, § 532; *Long v. Murphy*, 27 Kas. 381.)

There is nothing substantial in the objection that the motion of Jacob August to discharge the attachment was not accompanied by an affidavit denying the grounds laid for attachment. Proof was offered by both parties as if the allegations of the affidavit for attachment were in issue, and this was received and acted upon by the court as if an issue had been properly formed. But was not the procedure adopted sufficient under the statute? The motion for the discharge of the attachment contained an explicit denial of the truth of the allegations in plaintiff's affidavit for attachment. The procedure to raise the issue of fact varies in the different states: in some it is by plea in abatement; in others by *supersedeas;* and in still others by motion. The only procedure prescribed in this state for the discharge of an attachment is by motion and upon reasonable notice. (Civil Code, § 528.) No affidavit or verification of the motion is required by the statute; nor has it ever been held that the filing of an affidavit or the verification of the motion was essential to the raising of an issue. It has been determined that where such an affidavit is filed the burden of proof is placed upon the plaintiff to establish the grounds laid for attachment. (*Mc-Pike v. Atwell,* 34 Kas. 142; *Grocery Co. v. Records,* 40 id. 119.) The statute contemplates that such an issue shall be raised in a summary way, and, in the absence of a specific provision making an affidavit essential to the forming of an issue, none can be required.

Another objection is, that after Jacob August had filed his motion to discharge the attachment, and on January 14, 1890, he began an action of replevin against John H. Barry, and the attached property was delivered to him under the writ issued in that action. The suit was not brought against Barry in any official capacity, but probably he had obtained possession of the goods as sheriff, under orders of attachment. We see nothing inconsistent in the two proceedings. The motion of August to discharge, as has been seen, was a proper remedy to release property from an unwarranted attachment; but his action in that regard is no reason why he may not

avail himself of the more complete remedy of replevin, to try the title and ownership of the property. (*White-Crow v. White-Wing*, 3 Kas. 276; *Watson v. Jackson*, 24 id. 442.) The property had been attached before the action of replevin was commenced, and some disposition of that attachment was necessary. Even the determination of where the costs of the attachment proceeding should be assessed required an examination and decision of the issues formed by the motion. The claim of ownership made by Jacob August in the action of replevin is in no sense an admission of the validity of the attachment, as in both proceedings he asserts ownership in himself.

We see no error in the rulings of the court, and hence there must be an affirmance of its judgment.

All the Justices concurring.