## WALTER W. BROWN ET AL. V. DIETRICH BOSE ET AL.

FILED MAY 19, 1898. No. 8121.

Attachment: SALE OF NON-RESIDENT'S REALTY: TITLE OF PURCHASER: DEFECTIVE NOTICE. Under a sale of the real property of a non-resident defendant appropriated by attachment proceedings, a purchaser acquires a title which cannot be collaterally questioned in another action, even though the publication of notice preceding the judgment in the attachment proceedings might have been held defective if it had been properly assailed.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J. *Affirmed.*

*Charles F. Tuttle, William D. Beckett,* and *D. T. Hayden,* for plaintiffs in error.

*John C. Watson, contra.*

RYAN, C.

This was an action of ejectment in which there was final judgment in favor of the defendants in the district court of Otoe county. The trial was to the court without a jury, and the correctness of its conclusion depends upon a single question, which is presented by the following facts: Previous to March 14, 1890, the real property in controversy was owned by the ancestor of the plaintiffs in error. On that day there were two petitions and other proper showings for an attachment, which issued against said owner of the real property in dispute in as many actions. The attachment defendant, at the time of all the transactions herein referred to, was a non-resident of this state. The levies of the writs of attachment were made respectively, on March 20,

1890, and March 25, 1890. The publications of notice to the non-resident defendant were made March 14, March 21, March 28, April 4, and April 11, 1890. By stipulation on the trial of this case it was admitted that the two above mentioned actions were begun against the defendant Brown to cause to be sold the premises in dispute for the payment of debts owing by him; that said property was purchased at sheriff's sale, and that, through the purchaser at said sale, the defendant in the district court, as an innocent purchaser, derived his title, under which, at the time of the commencement of the action, he was in possession. The contention of plaintiffs in error is that no publication could properly be made of the notice to the non-resident defendant until after a levy of attachment; that after such levy there were not four publications of the notice, and consequently the court, at the time it directed a sale of the property, had no jurisdiction to order a sale thereof, from which premises it is argued that the sale pursuant to such order was not effective to vest title.

In *Darnell v. Mack*, 46 Neb. 740, this exact question was not involved, but *arguendo* there were cited several cases in support of the proposition that jurisdiction to order a sale depends upon the lawful seizure of the property, and that subsequent defects may render the judgment erroneous, but not void. We have again examined these cases and find that they sustain the proposition in support of which they were cited. (*Cooper v. Reynolds*, 10 Wall. [U. S.] 308; *Paine v. Mooreland*, 15 O. 435; *In re Clark*, 3 Den. [N. Y.] 167; *Beech v. Abbott*, 6 Vt. 586; *Williams v. Stewart*, 3 Wis. 678; *Field v. Dortch*, 34 Ark. 399; *Hardin v. Lee*, 51 Mo. 241.) We could add nothing of value by going over the propositions considered in *Darnell v. Mack*, *supra*, and hence refrain from any attempts in that direction. The reasoning meets our approval, as applied to the facts of this case, and it is necessary merely to refer to that reasoning for a discussion of the pivotal question with which we are dealing.

The irregularities complained of by plaintiffs in error were of such a nature that, possibly, they might have been available in the actions in which they occurred. They cannot now be invoked to sustain a collateral attack upon the judgments rendered in those actions and upon the proceedings afterward had for the enforcement of said judgments. There is found no error in the record and the judgment of the district court is

AFFIRMED.