### THE WICHITA NATIONAL BANK v. THE WICHITA PRODUCE COMPANY *et al.*

#### No. 354.

ATTACHMENT LIENS—*Subsequent Attaching Creditors.* Creditors of a defendant who have, subsequent to attachment, acquired liens on the attached property cannot be let in to defend the suit and dispute the grounds of the attachment in lieu of the defendant. They can only defend against such imperfections as are unamendable and render the proceedings void.

Error from Sedgwick district court; C. REED, judge. Opinion filed August 15, 1898. Reversed.

*David Smyth,* and *Fred. W. Bentley,* for plaintiff in error.

*Rohrbaugh & Rauch,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This is an action of attachment, brought in the district court of Sedgwick county by the Wichita National Bank, plaintiff in error, against one E. E. Slade, in which the bank sought to recover a judgment on two certain promissory notes and

to hold the attached property for the payment of the judgment.   The Wichita Produce Company, the Wichita Wholesale Grocery Company and the Allen & Wright Produce Company each filed a verified interplea, alleging, in substance, that they were judgment creditors of defendant Slade, and that executions had been levied on the attached property, whereby they had obtained liens thereon.   They moved the court to discharge the attachment, for the reason that the grounds set out in the affidavit were wholly untrue.   The court sustained the attachment, and found that the grounds set out in the affidavit were true as to Slade, and rendered a judgment against him on the notes. The court found that the grounds set out in the affidavit were untrue as to the intervenors, and discharged the attachment as to them.   The Wichita National Bank brings the case here for a review of said order of the district court discharging the attachment as to the intervenors.

It is contended by the plaintiff in error that the intervenors could not dispute the grounds of attachment, in the absence of fraud in the proceedings. This question has been recently decided by the supreme court, sustaining the legal proposition contended for by the plaintiff in error, in *Implement Co. v. Wagon Works*, 58 Kan. 125, 48 Pac. 638.   In the opinion in that case this statement of the law is quoted with approval :

"A junior attaching creditor may intervene in a prior attachment suit and here contest his rights with the plaintiff in that suit, but he cannot be let in to defend the suit and dispute the grounds of the attachment, in lieu of the defendant, nor to defeat the attachment for mere errors or irregularities in the proceedings, but only for imperfections which are unamendable and render the proceedings void. (*Sannover v. Jacobson & Co.*, 47 Ark. 31.)"

The court also, on the same page of the opinion, quotes approvingly from the Encyclopedia of Pleading and Practice, vol. 3, p. 69, as follows :

"Creditors of the defendant who have, subsequent to the attachment, acquired liens ·upon the attached property, as by judgment or attachment, may move to dissolve the prior attachment, but not upon the ground of mere irregularities in the proceedings which have been waived by the defendant himself."

A motion has been filed to dismiss the petition in error for the reason that the motion for a new trial was not filed after the rendition of the judgment. There is no merit· in the motion, but if there was this might be a reason why we would not consider some of the errors complained of, but would be no reason for dismissing the petition in error.

The judgment of the district court is reversed, and the cause remanded with instructions to sustain the attachment of the plaintiff in error.