W. N. ROBERTS V. LILLIE A. FAGAN, *as Administratrix, etc., et al.*

No. 15,028. (92 Pac. 559.)

SYLLABUS BY THE COURT.

1. DIVORCE—*Service by Publication—Sufficiency of Affidavit.* An affidavit for service by publication as required by section 73 of the civil code (Gen. Stat. 1901, § 4507) which reads—

"Hattie Roberts, of lawful age, being first duly sworn, on her oath says: That she is the plaintiff in the above-entitled action; that on the 30th day of April, 1902, said plaintiff filed a petition in the district court of the above-named county and state, against said defendant, W. N. Roberts; that said action is an action to obtain a divorce; that said defendant is a non-resident of the state of Kansas, and that personal service of summons cannot be had upon said defendant within the state of Kansas; and that plaintiff wishes to obtain service upon said defendant by publication,"

is sufficient, and due publication of notice in pursuance of such affidavit will confer jurisdiction on the district court to grant a divorce.

2. ——— *Property Rights.* When parties have been divorced by a court having jurisdiction, and no proceedings have been taken to vacate or modify the decree by appeal until the statutory time therefor has expired, all the rights which either had to the property of the other by reason of the marriage relation will be extinguished by such decree.

3. ——— *Affidavit for Service by Publication—Residence of Plaintiff.* The statute does not require the residence of the plaintiff to be stated in the affidavit for service by publication, and therefore such a statement therein is unnecessary.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed November 9, 1907. Affirmed.

*W. F. Schoch*, and *Lee Monroe*, for plaintiff in error.

*J. J. Schenck*, for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: W. N. Roberts and Hattie Roberts were husband and wife and residents of Shawnee county. In 1901 they separated; he went to Oklahoma, and she

remained in Shawnee county. On May 1, 1902, she commenced a suit in the district court for a divorce. The defendant was constructively summoned by publication notice. The affidavit made for that purpose reads:

"Hattie Roberts, of lawful age, being first duly sworn, on her oath says: That she is the plaintiff in the above-entitled action; that on the 30th day of April, 1902, said plaintiff filed a petition in the district court of the above-named county and state, against said defendant, W. N. Roberts; that said action is an action to obtain a divorce; that said defendant is a non-resident of the state of Kansas, and that personal service of summons cannot be had upon said defendant within the state of Kansas; and that plaintiff wishes to obtain service upon said defendant by publication."

Notice was duly published, which reads:

"To the above-named defendant: You will take notice that you have been sued in the above-entitled court by said Hattie Roberts, and that you must answer the petition filed by said plaintiff on or before the 14th day of June, 1902, or the said petition will be taken as true and judgment rendered according to the prayer thereof, divorcing said plaintiff from you, the said defendant."

The plaintiff sent a copy of her petition and of the publication notice to the defendant at his last-known place of residence. Receipt of these copies was acknowledged by the defendant May 18, 1902. A decree of divorce, including an order barring the defendant from all right to the property of the plaintiff, was taken June 16, 1902. In November, 1904, the plaintiff in the divorce suit died intestate, and Lillie A. Fagan was appointed administratrix of her estate. Mrs. Roberts left no issue or other known relatives. Roberts made demand upon the administratrix for possession of the property of Hattie Roberts, deceased, claiming the same as her sole heir at law. Upon a refusal he brought this action in the district court of Shawnee county, January 4, 1905.

His right to recover is based upon the claim that the affidavit for publication service in the divorce suit was insufficient and the decree void. The particular defect in the affidavit, as he contends, is that it did not *show* in the description of the suit that the case was one wherein service by publication is authorized, and that it failed to state that the plaintiff in that suit resided in Shawnee county. It is insisted that the words "an action to obtain a divorce" merely state a conclusion and do not show any facts from which the kind of action in which constructive service is desired can be definitely ascertained. The section of the statute which provides for this affidavit reads:

"Before service can be made by publication, an affidavit must be filed stating that . . . service of summons cannot be had upon said defendant or defendants within the state of Kansas, . . . and showing that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication." (Gen. Stat. 1901, § 4507.)

The preceding section, to which reference is made, reads:

"Service may be made by publication in either of the following cases:

"In actions brought under the 46th and 47th sections of this code, where any or all of the defendants reside out of the state, or where the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state;

"In actions brought to establish or set aside a will, where any or all of the defendants reside out of the state;

"In actions to obtain a divorce, where the defendant resides out of the state;

"In actions brought against a non-resident of the state, or a foreign corporation, having in this state property or debts owing them, sought to be taken by any of the provisional remedies, or to be appropriated in any way;

"In actions which relate to, or the subject of which is, real or personal property in this state, where any

defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of the state, or a foreign corporation; and

"In all actions where the defendant, being a resident of this state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, or to avoid the service of a summons, or keep himself concealed therein with the like intent." (Gen. Stat. 1901, § 4506.)

It will be seen that several kinds of actions are stated in this section, some of which are susceptible of being described with reasonable clearness in a few words, while others would require a somewhat extended statement. No special formula is required by the statute, and a description of the action will be sufficient if it indicates in an intelligible manner that the action described is one of those mentioned in the preceding section.

In some states this preliminary affidavit must be presented to the court or judge where the action is pending and adjudged to be sufficient before notice can be published. In this state the court decides this question afterward, but before judgment. (Code, § 75; Gen. Stat. 1901, § 4509.) It seems, therefore, that the purpose of this statute is to require such a description of the cause of action as will enable the court to determine upon inspection whether the action mentioned in the affidavit, and that pending, are the same, and whether it is one in which service by publication may be given; and that the word "show," as used in the statute, means no more than this. Such determination could not be made if the action were described merely as "one of those mentioned in section 72," as in some of the cases cited, nor if mentioned as "an action to quiet title to real estate, as provided by section 72 of the code of civil procedure"; but the words "this is an action to obtain a divorce" state in the language of the statute one of the enumerated actions, and describe

it in a way that cannot be misunderstood. Additional words would be useless and confusing.

We think the affidavit sufficient. The service made invested the court with full jurisdiction to grant a divorce. A valid divorce having been granted, the parties were no longer husband and wife, and thereafter their property rights were the same as before their marriage. The divorce extinguished whatever rights either might have had in the property of the other on account of the marriage relation. (Code, § 647; Gen. Stat. 1901, § 5140; *Baughman v. Baughman,* 32 Kan. 538, 4 Pac. 1003.)

The statute does not require the affidavit to state the residence of the plaintiff.

This disposes of all the questions presented. No error appearing, the judgment is affirmed.