BALLEW v. YOUNG *et al.*

No. 159.    Opinion Filed May 13, 1909.

(103 Pac. 623.)

1.  PROCESS—Service by Publication—Affidavit—Sufficiency. Where it is stated, in an affidavit to obtain service by publication, that a defendant is a nonresident of the state, and service cannot be had upon him within the state, and such affidavit is otherwise sufficient, it is not void or voidable because facts are not stated therein showing that plaintiff, by the use of due diligence, was unable to make service of summons upon the defendant.

2.  PROCESS—Service by Publication—Affidavit—Statement of Cause of Action. Where the affidavit for publication does not state directly, inferentially, or in any other way that the action brought is one of those mentioned in section 4276, Wilson's Rev. & Ann. St. 1903, providing in what cases service by publication may be had, the affidavit is fatally defective, and service by publication cannot be obtained thereon.

3.  ATTACHMENT—Process—Publication Notice—Sufficiency. In an action for attachment against a non-resident defendant whose land has been levied upon, a publication notice which fails to describe the land attached, and fails to state inferentially, or in any other manner, the nature of the judgment which will be taken, is fatally defective.

4.  ATTACHMENT—Claims of Third Persons—Intervener—Grounds of Attack. Any party who, under section 4244, Wilson's Rev. & Ann. St. 1903, intervenes in an attachment proceeding, and claims the property attached or levied upon, can make only such objections to the irregularity of the proceedings as he could make in attacking them in an independent collateral action.

5.  JUDGMENT—Collateral Attack—Void Service. A judgment, rendered in an attachment proceeding, wherein the service was by publication which was so defective as to be not merely voidable,

but void, is void upon collateral attack, and one who intervenes in an attachment proceedng, and claims the real estate attached, may attack such judgment after it is rendered, or may attack such service before the rendition of judgment, by motion to vacate and set aside such judgment or such service.

6. ATTACHMENT—Discharge—Grounds—Void Service. In an action against a nonresident, in which an order of attachment was issued at the time of the filing of the petition, and on the same date an affidavit for service by publication was filed, and the first publication was made within 60 days from the date of the filing of the petition, but the affidavit for service by publication and the publication notice were so defective as to be absolutely void, held. that a motion to dissolve and discharge the attachment and dismiss the action, made more than eight months after the filing of the petition, levy, and return of the order of attachment, was properly sustained for the reason that the action had not been commenced.

(Syllabus by the Court.)

*Error from District Court, Custer County; James R. Tolbert, Judge.*

Action by E. C. Ballew against P. K. Young and another, in which action plaintiff caused an attachment to issue. W. I. Brannon filed a plea of intervention, and moved to dismiss the attachment, which motion was sustained, and the action dismissed, and plaintiff brings error. Affirmed.

This is an action commenced in the district court of Custer county, Okla. T., on June 27, 1907, by E. C. Ballew, plaintiff in error, against P. K. Young and Flora Young, defendants in error, for the recovery of the sum of $200, alleged to be due him from the defendants as a real estate commission for the sale of certain real estate. On the same day plaintiff filed his petition he filed an affidavit for attachment, alleging that defendants were nonresidents of the territory of Oklahoma, and that they were disposing of their property with the intent to defraud their creditors. An order of attachment was issued by the clerk, which was placed in the hands of the sheriff on the 28th day of June, 1907, and by the sheriff levied on lots numbered 20, 21, 22, 23, and 24 in block 66 in the town of Clinton, and due return made thereof on the date it was received. At the time the petition was filed a

summons was issued, directed to the sheriff of the county, who made due return thereon on June 28th, showing that the defendants could not be found in the county. At the time of filing his petition plaintiff also filed an affidavit to obtain service by publication, and on that date an order of publication was issued by the clerk, which was published in the Custer County News. Defendants failed to appear and answer, or otherwise plead within the time required by law, but wholly made default.

· After the institution of the suit defendant in error W. I. Brannon, hereafter referred to as intervener, having been granted leave by the court to interplead, filed his plea of intervention, alleging that he was the owner of the real estate levied upon under the order of attachment, and that he claimed same under a deed executed by defendants to him on June 20, 1907, and recorded by him in the office of the register of deeds of Custer county on July 3, 1907, which was 5 days after the issuance of the attachment writ. He' further alleges that plaintiff had notice of his deed and claim to the property at the time the order of attachment was sued out. To this interplea plaintiff filed his verified answer, in which he denies that intervener has any interest or claim in the property levied upon or any valid deed thereto, and, pleading in the alternative, says, that if he has any claim or interest, he acquired such with full knowledge and notice of plaintiff's right and claim in the property under the attachment, with the purpose and object to defeat the rights of plaintiff. Intervener thereupon filed a motion to dissolve the attachment for irregularities in the attachment proceedings. Upon hearing this motion the court sustained same, and dismissed plaintiff's action. From the judgment of the court, vacating the attachment and dismissing the action this proceeding in error is brought.

M. L. Holcombe, for plaintiff in error, citing: *Raymond v. Nix,* 5 Okla. 656; *Washburn v. Buchanan* (Kan.) 34 Pac. 1049; *Bannister v. Carroll* (Kan.) 22 Pac. 1012; *Rapp v. Kyle,* 26 Kan. 89; *Leppel v. Peck* (Colo.) 31 Pac. 185.

Geo. T. Webster, for defandants in error, citing: *Cordray*

*v. Cordray* (Okla.) 91 Pac. 781; *Cockley v. Smith* (Kan.) 17 Pac. 156; *Wichita Groc. Co. v. Records* (Kan.) 19 Pac. 346; 1 Shinn on Attachment, secs. 217, 218, 344, notes and cases cited; Wilson's Rev. & Ann. St., secs. 4277, 4767, 4244.

HAYES, J. (after stating the facts as above). No trial was had upon the issues of fact made by intervener's interplea and plaintiff's answer thereto. The judgment of the court vacating the attachment and dismissing the action was upon intervener's motion to dissolve and set aside the attachment. The grounds of this motion are stated in general and somewhat indefinite terms. The motion in substance is that intervener moves the court to dismiss and vacate the attachment, for the reason that the court was without jurisdiction of either the persons or property attached. The motion further recites that it is based upon the pleadings, records, and files in the cause. The alleged irregularities complained of, and upon which the judgment of the trial court was based, appear from the record to have occurred in the affidavit filed by plaintiff for publication of notice and in the publication notice.

Plaintiff's original affidavit to obtain service by publication, filed on the day of the filing of his petition, states the names of the parties to the action, and that plaintiff has filed his petition in the district court of Custer county against the defendant for the recovery of the sum of $200, due him from the defendants as a commission for the sale of real estate described in his petition; that defendants, and each of them, are not residents of the territory of Oklahoma, and service cannot be had upon them, or either of them, within the territory, although due diligence has been made, and that plaintiff desired to obtain service on the defendants by publication. Plaintiff, with the consent of the intervener, afterwards filed an amended affidavit to obtain service of publication, in which, in addition to the facts stated in the original affidavit, he states that, at the time of the filing of the original affidavit, defendants were the owners of the lots attached, and described them; that an attachment order had been issued in the action by the

clerk of the court, which had been levied upon said real estate according to law, on June 28, 1907; that defendants were at the times of the filing of the original affidavit and the amended affidavit nonresidents of Oklahoma, residing in the state of Nebraska; that he knew such facts to be true from letters received from them; that he had made diligent search for defendants in Custer county at the time of the filing of the original affidavit, and knows that they were not in Custer county nor in Oklahoma, and that they have been absent therefrom ever since, and that service of summons could not have been had upon them in Oklahoma.

These affidavits are attacked upon several grounds. It is first urged that they are void for the reason that they fail to state facts to show wherein due diligence was used to find the defendants. Section 4277, Wilson's Rev. & Ann. St. 1903, being section 79 of the Civil Code, provides:

"Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence is unable to make service of the summons upon the defendant or defendants to be served by publication, and showing that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication."

While it is stated in the original affidavit that diligence was used, and while it is stated in the amended affidavit that diligent search was made by plaintiff for defendants in Custer county, in neither the original nor the amended affidavit are facts constituting such diligence fully set out. But we think sufficient facts are set out in these affidavits to render them valid, if they are regular in all other respects. In *Washburn v. Buchanan,* 52 Kan. 417, 34 Pac. 1049, construing the same statute, the court held an affidavit for publication, in which it was stated that defendants were nonresidents of the state, and that service could not be made upon them within the state, was not insufficient because plaintiff had failed to state therein what diligence had been used by him to obtain service. See, also, *Roberts v. Fagan,* 76 Kan. 536, 92 Pac. 559.

Intervener relies upon *Cordray v. Cordray,* 19 Okla. 36, 91 Pac. 781, as supporting his contention upon this proposition. In that case the affidavit as a basis for publication was, in the following form:

"Salina M. Cordray, being first duly sworn, upon oath says she is the plaintiff in the above-entitled cause, and that defendant J. W. Cordray is not a resident of the territory, but to the best of her knowledge and belief is a resident of ———, and that service of summons in this case cannot be had upon the said defendant in the territory of Oklahoma."

It was held that this affidavit did not comply with the provisions of the statute, and that judgment rendered thereon was void for want of jurisdiction over the defendant, because first, the affidavit was defective in that it failed to state what, if any, diligence was used to secure personal service upon the defendant; second, it failed to state the nature of the action; third it failed to state that at the time of making the affidavit the defendant was out of the territory of Oklahoma. We think the rule announced by the court in the third syllabus, wherein it was held that said affidavit was defective for the reason that it failed to state any facts showing that diligence was used, is correct as applied to the facts of that case. In that case, plaintiff did not state that service of summons could not be had upon the defendant in the territory of Oklahoma, but her allegation with reference thereto was that to the best of her knowledge and belief defendant was a resident of ———, and that service of summons upon him could not be had in the territory. This is not equivalent to saying that defendant was absent from the territory, or that service could not be had upon him therein. She may have stated the truth when she stated that, to the best of her knowledge and belief, service could not be had upon him, but that knowledge and belief may have not been based upon such information as was the result of diligence. It could not be said from the affidavit that defendant was absent from the territory of Oklahoma at the time the affidavit was made, or that service could not be had upon him in said territory. Affiant

did not so state. She said only that her information and belief was that such were the facts. An affidavit upon information and belief that defendant is a nonresident, or that service cannot be had upon said defendant in the state, is insufficient. *Romig v. Gillett,* 10 Okla. 186, 62 Pac. 805. But in the case at bar plaintiff states positively that defendant is not a resident of the territory, and that service cannot be had upon him therein. If such statement is true, no amount of diligence would have enabled plaintiff to obtain service upon him; and, if service could have been had by due diligence, then affiant could not have stated in his affidavit that it could not be made within the territory. In *Cordray v. Cordray, supra,* plaintiff did not say that service could not be had within the territory; and, having failed to say so, it was incumbent upon her to show what diligence she had used to ascertain whether service could be had upon him within the territory at the time of her making her affidavit.

'Nor is the conclusion we here reach in conflict with *Nicoll et ux. v. Midland Sav. & Loan Co.,* 96 Pac. 744. In that case defendant was a foreign corporation, who, under section 1227, Wilson's Rev. & Ann. St. 1903, was required to appoint an agent who should reside at some accessible point in the territory, in the county where the principal place of business of said corporation was carried on, or at some place within the territory, if such corporation had no principal place of business, which agent should be duly authorized to accept service of process, and upon whom service of process might be made in any action in which the corporation was a party. The affidavit for publication in that case recited that defendant is a foreign corporation, and is a nonresident of the territory of Oklahoma, and has not complied with the laws by designating a person on whom to serve process in Noble county, Okla., and has no office or place of business in said county, and that plaintiffs, with the exercise of due diligence, are unable to procure service of summons on the said defendant within the territory of Oklahoma. This affidavit fails to state that no agent has been appointed in the territory upon whom service of

summons could be had, but only that no agent had been designated upon whom service of process could be had in Noble county. Nor does the affidavit state that service cannot be had upon the company in the territory. There is no allegation that it has no place of business in other parts of the territory than in Noble county, or that it has no agent in such other counties of the territory. In the absence of such allegation, the mere statement that plaintiff had exercised due diligence to obtain service, and had been unable to procure it, was insufficient without stating what diligence they had used.

Section 4277, *supra,* requires that the affidavit for publication shall show that the case is one of those mentioned in the preceding section. The preceding section, to which reference is made, reads as follows:

"Service may be made by publication in either of the following cases: In actions brought under the 48th and 49th sections of this Code where any or all of the defendants reside out of the territory, or where the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the territory; in actions brought to establish or set aside a will, where any or all of the defendants reside out of the territory; in actions to obtain a divorce where the defendant resides out of the territory; in actions brought against a nonresident of the territory, or a foreign corporation, having in this territory property or debts owing them, sought to be taken by any of the provisional remedies, or to be appropriated in any way; in actions which relate to, or the subject of which is, real or personal property in this territory, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a nonresident of the territory or a foreign corporation; and in all actions where the defendant, being a resident of this territory has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, or to avoid the service of a summons, or keep himself concealed therein with the like intent."

These sections of the statute have been repeatedly before the Supreme Court of the state of Kansas for construction, both be-

fore and since the adoption of our Code from that state by the Territorial Legislature. A failure to make proper averments in the affidavit of such facts as to show that the case is one of those provided for by section 4276 renders it insufficient to support service by publication. *Leavenworth, Topeka & Southwestern Ry. Co. v. Stone,* 60 Kan. 57, 55 Pac. 346; *Garrett v. Struble,* 57 Kan. 508, 46 Pac. 943; *Long v. Fife,* 45 Kan. 271, 25 Pac. 594, 23 Am. St. Rep. 724. An allegation in the affidavit that the case is one of those mentioned in section 4276 is not such a statement of fact as is required by the section to be made in the affidavit. *Lieberman v. Douglass,* 62 Kan. 784, 64 Pac. 590. The original affidavit in this case fails to aver facts sufficient to show that it is one of the cases in which service by publication is authorized. It in no manner sets out any facts to indicate the character of the case or judgment sought therein. In the amended affidavit filed it is alleged that at the commencement of the action an order of attachment was caused to be issued by plaintiff, and levied upon certain real estate of the defendants, describing it, which alleged facts inferentially indicate the character of the judgment sought in the action. But the trial court evidently took the view that the original affidavit was so defective in this respect that it could not be cured by amendment. Affidavits for publication are amendable as to some defects. *Foreman v. Carter,* 9 Kan. 674; *Pierce et al. v. Butters et al.,* 21 Kan. 125; *Harrison v. Beard,* 30 Kan. 532, 2 Pac. 632; *Long v. Fife, supra.* But where the affidavit fails to state directly, inferentially, or in any other way any matter required by statute to be stated therein, it is fatally defective, and service by publication cannot be obtained thereon. *Harris v. Claflin,* 36 Kan. 543, 13 Pac. 830. Where the jurisdictional facts necessary to warrant service upon defendant by publication were in existence at the commencement of the action, and the affidavit for publication is defective only in that it states inferentially a matter required to be alleged therein, it is amendable even after judgment. *Pierce v. Butlers, supra; Wilkins v. Tourtellott,* 28 Kan. 589; *Harrison v. Beard et al., supra.* But where there is

a total want of averment in the affidavit of some material fact, as in this case, it is void. *Harris v. Claflin, supra.* The original affidavit filed herein fails to allege directly, inferentially, or otherwise any facts showing that it is one of the actions in which publication may be had under the provisions of section 4276, *supra,* and it was therefore incapable of being amended so as to support a service by publication thereon, and it is therefore necessary to consider whether the amended affidavit contains the necessary averments.

The notice of publication does not describe the property attached, nor state the nature of the judgment that plaintiff will take against the defendants. Section 4278, Wilson's Rev. & Ann. St. 1903, provides what the publication notice shall contain. It shall state the court in which the petition is filed, the names of the parties, and must notify the defendants thus to be served, that he or they have been sued, and must answer the petition filed by the plaintiff on or before a time to be stated, which shall not be less than 41 days from the date of the first publication, or the petition will be taken as true, and judgment, the nature of which shall be stated, will be rendered accordingly. Where land has been attached under order of attachment against a nonresident defendant, the publication notice should contain a description of the land, and failing to do so renders it defective. *Cohen v. Trowbridge,* 6 Kan. 385; *Cackley v. Smith,* 38 Kan. 450, 17 Pac. 156. And where publication notice fails to contain a description of the real estate attached, and omits entirely to state the nature of the judgment which is sought, as required by section 4278, Wilson's Rev. & Ann. St. 1903, it is not voidable only, but void. *Garrett v. Struble,* 57 Kan. 510, 46 Pac. 943. The failure of plaintiff to state in his affidavit for service by publication facts showing that the case is one of those provided for in section 4276, *supra,* and his failure to have the publication notice describe the real estate attached, or to in any manner state the nature of the judgment sought, are such defects as would make any judgment rendered thereon at least void, and a motion to set aside such

service or to vacate a judgment based thereon would have to be sustained.

This leaves for consideration whether such irregularities in an attachment proceeding can be availed of by an intervener by motion to dissolve the attachment. The section of the statute providing that third persons claiming or having interest in property attached may intervene in attachment proceedings, and by plea of intervention set up their claim, reads as follows:

"Any person claiming property, money, effects or credits attached, may interplead in the cause, verifying the same by affidavit made by himself, agent or attorney, and issues may be made upon such interpleader and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay." (Section 4244, Wilson's Rev. & Ann. St. 1903.)

The Supreme Court of Kansas in an early case, in which the opinion was written by Mr. Justice Brewer, lays down the rule that an intervener in an attachment under this statute can attack the attachment proceedings for only such irregularities therein as would render the same subject to attack in an independent collateral action. In that case the affidavit for attachment failed to set forth any grounds for attachment. It was held that such affidavit was fatally defective, and failed to confer upon the court jurisdiction to issue the writ of attachment, and was therefore such an error as would render the attachment subject to collateral attack, and was ground for a motion to dissolve by an intervener interpleading in the attachment proceeding. Mr. Justice Brewer, in discussing this question, referring to the interveners, said:

"They did not, by coming in, waive all objections to the proceedings, and concede their regularity; nor did they place themselves in the shoes of the defendant in the action, and acquire his right to object to errors in the proceedings. They could not avail themselves of such irregularities as were simply errors sufficient for reversal, but only of such as were fatal to the process and jurisdiction." (*Dickenson & Bro. v. Crowley,* 15 Kan. 269.)

The doctrine of this case was never, so far as we are informed, expressly overruled by reference thereto in any subsequent case from the Supreme Court of Kansas, but the following cases ap-

pear for a time to have established a rule in that jurisdiction, if not in direct conflict, at least not entirely in harmony, with the rule in *Dickenson v. Crowley, supra; Long Bros. v. Murphy et al.,* 27 Kan. 375; *Ashton v. Clayton et al.,* 27 Kan. 626; *Grocery Co. v. Records,* 40 Kan. 506, 26 Pac. 1038; *Boot & Shoe Co. v. August,* 51 Kan. 53, 32 Pac. 635; *Manufacturing Co. v. August,* 51 Kan. 59, 32 Pac. 636; *Dolan v. Topping,* 51 Kan. 321, 32 Pac. 1120; *Standard Implement Co. v. Parlin & Orendorff Co.,* 51 Kan. 566, 33 Pac. 363.

But this question came directly before the court for consideration again in *Standard Implement Co. v. Lansing Wagon Works,* 58 Kan. 125, 48 Pac. 638, where the court cited and followed *Dickenson v. Crowley, supra,* and again held that the interplea of the intervener is to be treated in the nature of a collateral attack, and that an intervener cannot defeat a prior attachment by showing irregularities in the attachment proceedings that would only be grounds for reversal on appeal by defendant, but would not be grounds for attack in a collateral proceeding. See *Wichita Nat. Bank v. Wichita Produce Co. et al.,* 8 Kan. App. 40, 54 Pac. 11. The doctrine of the court in *Dickenson v. Crowley,* and *Standard Implement Company v. Lansing Wagon Works,* is we think in harmony with the weight of authority, governed by statutes the same or similar to the one controlling in this case, and is the correct rule.

The Supreme Court of Arkansas, in a well-reasoned case under a similar statute, announces the rule to be:

"A junior attaching creditor may intervene in a prior attachment suit, and there contest his rights with the plaintiff in that suit; but he cannot be let in to defend the suit and dispute the grounds of the attachment in lieu of the defendant, nor to defeat the attachment for mere errors or irregularities in the proceedings, but only for imperfections which are unamendable and render the proceedings void." (*Sannoner v. Jacobson & Co.,* 47 Ark. 31, 14 S. W. 458.)

Other cases announcing the same doctrine are: *Leppel v.*

*Beck,* 2 Colo. App. 390, 31 Pac. 185; *Scrivener v. Dietz,* 68 Cal. 1, 8 Pac. 609; *Moresi v. Swift,* 15 Nev. 215.   See, also, I Shinn on Attachment, § 429.

Plaintiff insists that, although the affidavit for publication and the publication notice are defective, such defects do not defeat the court's jurisdiction over the property attached so as to render a judgment thereon a nullity and subject to collateral attack.   Upon this question there is some conflict among the authorities, but the doctrine of the Kansas cases seems to be that such defects render the judgment in any subsequent proceedings in that action void.   In *Garrett v. Struble, supra,* it is said in the syllabus:

"In obtaining service by publication, if there is a total failure to state in the notice any material matter required by section 74 of the Civil Code, the service is void, and subject to collateral attack; but, where there is not such an entire omission of a material fact from the notice, and it is inferentially or insufficiently set forth therein, the service is merely voidable, and can be successfully attacked only in a direct proceeding.'

In *Harris v. Claflin, supra,* Horton, C. J., speaking for the court, said:

"The affidavit for publication was filed June 5, 1861, but omitted to state, 'that the case is one of those mentioned in the preceding section.'   Within the authority of *Shields v. Miller,* 9 Kan. 390, the affidavit is fatally defective, and therefore the attempted service by publication a nullity.   Without a valid service in such a case every subsequent proceeding, including the judgment, the execution, or order of sale, the sale, and the deed, must necessarily be void."

This case is commented upon by the court in *Garrett v. Struble, supra,* in the following language:

"In *Harris v. Claflin, supra,* it was held that if there is a total want of evidence upon a vital point in the affidavit for publication, the court acquires no jurisdiction by publication of the summons; but, where there is not an entire omission to state some material facts, but it is inferentially or insufficiently set forth, the proceedings are merely voidable.   The same principle as nearly as may be should be applied as the test of the sufficiency of a publication

notice. If there is a total failure to state in the notice any material matter required by section 74 of the Civil Code (Wilson's Rev. & Ann. St. 1903, § 4272), the service is void; but, if there is not an entire omission of such material matter, and it is inferentially or insufficiently set forth, the notice is merely voidable, and not void. Following this rule, we hold that the notice in the case of Garrett against Struble was irregular, defective, and voidable, but that it was not void, and therefore must be held sufficient as against a collateral attack."

See, also, Shinn on Attachment, § 217. Under the doctrine of these cases a judgment rendered upon the affidavit for service by publication, and the service thereof had in this case, would have been void upon collateral attack, and intervener could attack the same in this proceeding by proper motion.

Of the cases holding the contrary doctrine *Cooper v. Reynolds,* 10 Wall. 308, 19 L. Ed. 931, is a leading case. In that case it was held that the basis of the court's jurisdiction in an attachment proceeding is the seizure of the property under a valid writ, and that defects and irregularities in the publication notice, or the entire absence of publication notice, will not make a judgment rendered in the action absolutely void, although such facts might be grounds for reversal in direct attack. Other cases which follow *Cooper v. Reynolds,* or which approve the doctrine therein announced, are: *Freeman v. Thompson,* 53 Mo. 183; *Kane v. McCown,* 55 Mo. 181; *Field et al. v. Dortch,* 34 Ark. 399; *Gregg. v. Thompson,* 17 Iowa, 107; *Bank v. Richardson,* 34 Or. 518, 54 Pac. 359, 75 Am. St. Rep. 664; *Beech v. Abbott,* 6 Vt. 586; *Paine's Lessee v. Mooreland,* 15 Ohio, 436, 45 Am. Dec. 585; *Darnell v. Smart,* 46 Neb. 740, 65 N. W. 805; *Brown v. Bose,* 55 Neb. 200, 75 N. W. 536, 70 Am. St. Rep. 379.

Commenting upon the conflict among the authorities upon this question, it is said in 4 Cyc. p. 814.

"In some jurisdictions it has been held that the court acquires jurisdiction over the property by a valid levy thereupon, and its judgment in regard thereto is binding until reversed on appeal, or set aside in some direct proceeding for that purpose, but the weight of authority, if not of reason, is to the effect that the juris-

diction acquired by the seizure of the property 'is not to pass absolutely upon the rights of the parties, but only to pass upon such right after defendant has been given an opportunity to appear and defend; and, where this view is maintained, a judgment, rendered without the notice prescribed by law against a defendant who has not appeared, is deemed absolutely void, and open to collateral attack"—citing authorities.

The doctrine of the Kansas cases is in harmony with this expression of the rule in Cyc., and they are controlling upon us.

. But it may be asked, since no judgment has been rendered in this action, and the attack of intervener is not upon a judgment, but upon the order of attachment, whether, although the affidavit for publication and the service by publication are fatally defective and void, if such facts destroy the order of attachment and the lien upon the attached property in favor of plaintiff, created by the levy of the writ thereon, and constitute grounds for dissolving the attachment. Section 4365, Wilson's Rev. & Ann. St., provides that the plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant upon the grounds thereinafter stated. Section 4257 provides that a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing summons to be issued thereon. Section 4218 provides that an action shall be deemed commenced at the date of the summons which is served upon the defendant, and, where service by publication. is proper, the action shall be deemed to have commenced at the date of the first publication; and said section further provides that an attempt to commence an action shall be deemed equivalent to the commencement thereof when the party faithfully, properly, and diligently endeavors to procure service, but such attempt must be followed by the first publication or service of summons within 60 days. This section of the statute was held, in *Dunlap v. McFarland,* 25 Kan. 488, to have no application to the commencement of actions in order to authorize the issuance of an attachment therein, but to apply only to the statute of limitations. But in

*Bannister v. Carroll,* 43 Kan. 64, 22 Pac. 1012, the court, in discussing these various provisions of the statute, says:

"Now in view of these various provisions it would be an absolute absurdity to hold that, before an attachment can issue against an absent defendant, on the ground that he is a nonresident of the state, an effort must be made by the sheriff of the county in which the order of attachment is issued to personally serve a summons upon such nonresident. In view of all these complications and absurdities we think the proper construction to be given to section 57 of the Code is that, when a petition is filed and a summons served, or the first publication is made within 60 days, such service or first publication relates back to the time of the filing of the petition and præcipe and other necessary papers, and by such relation the suit is to be deemed to have been commenced at the date of their filing."

*Jones et al. v. Warnick,* 49 Kan. 63, 30 Pac. 115, is in point. In that case it is held that where, in an attachment proceeding, the service was obtained by publication, if the first publication was not made within 60 days from the date of the filing of the petition and other necessary papers, an order of attachment cannot be issued and served, for the reason that no action had been commenced.

Under this construction of these provisions of the statute, the attachment proceeding in the action in the case at bar has failed; for, although plaintiff has a summons issued on the day of filing his petition, no service has ever been made of such summons, and although he filed the affidavit for publication service, and publication service was attempted to be made, each was so defective as to be a nullity, and plaintiff now stands in the same position as if no affidavit for publication service, and no service by publication had ever been attempted to be made. When the motion of intervener was filed, and the court rendered judgment thereon, nearly a year had elapsed since the filing of plaintiff's petition. No service of summons had been made, and no legal summons by publication had been begun. Had the defects in the affidavit for publication service and in the publication notice been such as to render them only voidable, instead of void, hav-

ing been filed or begun within the time provided by statute, such defects could be cured by amendment, and the first publication would then have related back to the time of the filing of the petition, and intervener's motion should have been overruled.

But under the facts as shown by the record we think the trial court committed no error for which the judgment should be reversed, and the judgment is therefore affirmed.

Dunn, Turner, and Williams, JJ. concur; Kane, C. J., not sitting.