Patterson v. Patterson.

W. E. L. PATTERSON v. ELLEN A. PATTERSON.
No. 8522.

MOTION TO VACATE VOID JUDGMENT—*fatally defective affidavit for constructive service, not error to refuse leave to file new.* Where a divorce was granted to the husband by default, as upon service by publication, and the only affidavit on file was apparently intended to combine in one the facts required to be stated by sections 73 and 641, respectively, of the Civil Code, but was fatally defective as to section 73, and the appearance docket referred to one affidavit only, and there was no evidence that any other had ever been made or filed, the Court did not err in refusing leave to file another affidavit upon the hearing of a motion to vacate the decree, or in sustaining said motion, or in dismissing the case, when regularly reached for trial, on the failure of the plaintiff to offer evidence in support of his petition.

*Error from Wyandotte District Court.*

*Hon. Henry L. Alden, Judge.*

AFFIRMED.                        OPINION FILED OCTOBER 10, 1896.

*Junius W. Jenkins,* for plaintiff in error.

*Joseph G. Littick,* and *Charles O. Littick,* for defendant in error.

MARTIN, C. J.   On November 5, 1887, the plaintiff obtained a decree of divorce from the defendant and for the custody of children.   The Court found that the defendant had been duly summoned by publication in *The Wyandotte Herald,* and that she was in default.   No further proceedings were had in the case until May 22, 1891, when the defendant filed a motion to set aside said decree as void on the ground that the service by publication was invalid and that she had no notice thereof.   Notice was duly given for the hearing of said motion, and the matter was heard July 25, 1891, when the plaintiff moved the Court for leave to file an amended affidavit for service by publication, on

the ground that the original affidavit was not on file with the papers in the case; and in support of said motion the plaintiff offered in evidence two entries in said case from the appearance docket, as follows:

"1887.

Sept. 13.   Petition in divorce filed, ent. and cause docketed.

Sept. 13.   Affidavit for publication filed and ent."

But the Court overruled said motion, and thereupon the cause came on to be heard on the motion to set aside said decree; and the plaintiff offered in evidence a paper purporting to be an affidavit, and the only one found on file — the body of the same being as follows:

"Personally came before the undersigned, a notary public, in and for the County of Jackson, State of Missouri, W. E. L. Patterson, plaintiff in the foregoing cause, who being by me duly sworn states on oath as follows: That he is informed and believes that the defendant Ellen A. Patterson resides out of the State of Kansas, and that a service of summons cannot be made on her in said State. That her residence and post office are unknown to him, and cannot be ascertained by any means in his control."

This paper was indorsed: "Affidavit as to non-residence. Filed Sept. 13, '87." No further evidence was offered by either party. The Court found that said paper was totally defective and void as an affidavit for publication, and the decree was vacated and set aside. The plaintiff then moved the Court to have the cause entered on the trial docket and that it stand for trial. This motion was sustained, and the cause came on for hearing February 15, 1892, — both parties appearing by counsel, but the plaintiff failed to produce any evidence, and the Court dismissed the case at his cost and subject to his exception. On the same day the plaintiff filed a motion

for a new trial, which was overruled on February 24, 1892.    The plaintiff alleges error of the Court in overruling his motion for leave to file another affidavit for service by publication ; in sustaining the motion to set aside the decree ; in dismissing the cause, and in overruling the motion for a new trial.

Section 72 of the Civil Code authorizes service by publication " in actions to obtain a divorce where the defendant resides out of the State ;" but section 73 of said Code, as in force in 1887, required that, before such service could be made, an affidavit must be filed that service of a summons could not be made within this State upon the defendant, and showing that the case was one of those mentioned in section 72.    The paper introduced in evidence was scarcely an affidavit, in form, at all.   *Atchison v. Bartholow*, 4 Kan. 124; *The State v. Gleason*, 32 id. 245, 250.    It would seem, however, that the Court might have allowed an amendment so as to make the same positive in form instead of a statement of mere information and belief.   *Harrison v. Beard*, 30 Kan. 532.    Yet the affidavit would be insufficient by reason of the entire want of any showing that the case was one of those mentioned in section 72 of the Civil Code specifying the cases in which service may be made by publication.    The filing of an affidavit complying substantially with the terms of said section 73 is a condition precedent to the obtaining of service by publication.   *Shields v. Miller*, 9 Kan. 390, 398 ; *Claypoole v. Houston*, 12 id. 324; *Harris v. Claflin*, 36 id. 543, 551.    Under the rule laid down in the case last cited the foregoing affidavit was void.

The plaintiff in error contends, however, that it was sufficient as an affidavit required by section 641 of the Code, excusing the mailing of the publication

notice and a copy of the petition to the defendant in a divorce case; and that, as the appearance docket showed the filing of an affidavit for publication, it should be treated as lost and presumed to be suffi-cient,— especially in view of the fact that the decree of November 5, 1887, recited that due service had been made by publication. The record does not jus-tify this contention. Such a recital of service is *prima facie* evidence thereof. *O'Driscoll v. Soper*, 19 Kan. 574. But the whole record must be taken and construed together; and if the evidence as to service is complete in the record, the same must be given full effect, although contrary to a recital of service. It would seem from the reading of the affidavit that it was intended to combine in one the facts required 'to be stated by sections 73 and 641, respectively. The appearance docket shows one affidavit only; and it is presumable, in the absence of evidence to the con-trary, that this is the one on file. The Court was right in refusing leave to file another affidavit, and in sustaining the motion to set aside the decree.

It may be added that the plaintiff recognized the correctness of the ruling of the Court; for he moved to have the cause entered on the trial docket for dis-position on the merits. But, when confronted by his wife in open court, he was dumb; he opened not his mouth. There was no course left for the Court but to dismiss his case; and its action in so doing is not a proper subject of complaint.

The judgment must be affirmed.

All the Justices concurring.