John C. Douglass v. Isaac Lieberman *et al.*

**No. 549.**  (57 Pac. 254.)

Service by Publication—*Defective Affidavit.* In 1888 an affi-
davit for service by publication was filed which was in the proper
form, except that there was no showing as to the nature of the
case, but the following: "This case is one of those mentioned in
section 72 of the code of civil procedure in the laws of the state of
Kansas." *Held,* that, while said affidavit was defective, the
service made thereunder was not void.

Error from Leavenworth district court; Louis A.
Myers, judge. Opinion filed May 10, 1899. Re-
versed.

*John C. Douglass,* for plaintiff in error.

The opinion of the court was delivered by

Wells, J. : Daisy Wood, on March 21, 1888, com-
menced an action in the district court of Leavenworth
county by filing her petition against Isaac Anderson,
Harrison Sanders, and Louis Bell, to recover lots 12
and 13, in block 4, in E. R. & Co. subdivision to the
city of Leavenworth. Summons was issued and
served upon Sanders, but not served upon Isaac An-
derson and Louis Bell, nor did they or either of them
make any appearance in the trial court. John C.
Douglass was made a codefendant and filed a counter-
claim in ejectment against all the other parties to the
action. The plaintiff filed an affidavit for construct-
ive service as follows : " N. H. Wood, being duly
sworn, says that service of summons cannot be made
within the state of Kansas on the said defendant Isaac
Anderson, and that this case is one of those men-
tioned in section 72 of the code of civil procedure in
the laws of the state of Kansas.'' Thereafter serv-

ice was made by publication, a trial was had, and judgment rendered for the plaintiff against all of the defendants. On motion of Douglass, the judgment was set aside and a new trial awarded. Thereafter Daisy Wood conveyed the lands in litigation to defendant Douglass, who filed a supplemental answer. On January 3, 1895, a second trial was had, which resulted in a judgment for Douglass against all other parties to the action.

Isaac Lieberman, as successor in interest to Isaac Anderson, on the 21st day of February, 1895, made special appearance and filed a motion asking the court to vacate and set aside the affidavit for constructive service. This motion was sustained, and the affidavit, service and judgment as to Anderson were set aside. The plaintiff in error excepted and presents the case to this court for review, and alleges error in the proceedings of the trial court.

The affidavit for constructive service was made in 1888. Section 73 of chapter 80, code of 1868, then in force, reads:

"Before service can be made by publication, an affidavit must be filed, that service of a summons cannot be made within this state, on the defendant or defendants, to be served by publication, and showing that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication."

This section was amended by chapter 79, Laws of 1891, but the portion of the section applicable to the question under consideration remains unchanged. (Gen. Stat. 1899, § 4323.)

This section requires the affidavit to show that the case in which constructive service is desired is one of the cases in which such service is authorized. The mere stating that fact as a conclusion, "that this is

Douglass v. Lieberman.

one of the cases mentioned in section 72 of the code of civil procedure in the laws of the state of Kansas," is insufficient, and the service thereunder should have been set aside upon proper motion made in time, but such service was not absolutely void, but gave the court jurisdiction of the parties, and the judgment rendered thereon was not subject to collateral attack. See *Claypoole v. Houston*, 12 Kan. 324; *Ogden v. Walters*, 12 id. 283; *Rowe v. Palmer*, 29 id. 337; *Pierce v. Butters*, 21 id. 124; *Entreken v. Howard, Adm'r*, 16 id. 251; *Carey v. Reeves*, 32 id. 718, 5 Pac. 22; *Bogle v. Gordon*, 39 id. 31, 17 Pac. 857.

The judgment of the district court setting aside the affidavit, service and judgment as to Anderson is reversed, and the court directed to overrule the motion therefor.

MAHAN, P. J., concurring.

McELROY, J. (dissenting) :  I cannot concur in the conclusion of the court.   The affidavit for constructive service was fatally defective in that it failed to "show" that the case was one of those in which constructive service was authorized.   The mere stating "that this case is one of those mentioned in section 72 of the code of civil procedure in the laws of the state of Kansas" was entirely insufficient to bring the affidavit within the spirit and intent of the law. . The service made thereunder is absolutely void. (*Shields v. Miller*, 9 Kan. 390 : *Harris v. Claflin*, 36 id. 543, 13 Pac. 830; *Patterson v. Patterson*, 57 id. 275, 46 Pac. 304.)