J. E. EVANS AND JONATHAN THOMAS, *Partners as Evans & Thomas,* v. THE FLEMING & AYERST COMPANY OF CHICAGO.

No. 11,873.* (64 Pac. 591.)

FINDINGS—*Conclusiveness*—*Remittance by Letter.* Where the question in issue was whether a certain letter enclosing a draft was addressed to Chicago or to Seattle, and the jury found that it was addressed to Chicago, it was the determination of a disputed fact, and is conclusive.

---

*For opinion of the court of appeals, see 9 Kan. App. 858, 61 Pac. 503.—REP.

Error from court of appeals, southern department; A. W. DENNISON, M. SCHOONOVER, and B. F. MILTON, judges. Opinion filed April 6, 1901. *In banc.* Reversed.

*H. D. Dickson,* for plaintiffs in error.

*J. Harvey Frith,* for defendant in error.

*Per Curiam:* There were two wholesale lumber companies, each named the Fleming & Ayerst Company. One of them was located at Chicago, Ill., the other at Seattle, Wash. Evans & Thomas, retail lumber dealers, owed the Chicago company for a bill of lumber. They purchased a draft payable to the order of the Fleming & Ayerst Company without designating which one, and mailed it by letter addressed to the one at Chicago, but without designating its street or office number. They knew this number. It never reached the company to which it was addressed, so its officers testified. In some unexplained way the draft reached the Fleming & Ayerst Company of Seattle, and was appropriated by that concern. The Chicago company brought suit upon the indebtedness due to it, and the defense was payment. A verdict and judgment were rendered for the defendants, and the plaintiff prosecuted error to the court of appeals. That court reversed the judgment of the district court, the syllabus of the opinion being as follows:

"A. enclosed a draft in an envelope which was properly stamped, and addressed to B. at Chicago, Ill. A. knew the street and number of B., but did not, so far as the evidence shows, place any address upon the envelope but A.'s name and the words 'Chicago, Ill.' *Held,* that the letter was not so addressed that a jury

Evans v. Fleming.

would be warranted in drawing an inference that it was actually received by B."

This was not the case of a lost letter—lost through an improper, incomplete or illegible address. The letter was not lost, because its contents turned up in the hands of the Seattle company. It became, therefore, a question whether the defendant's bookkeeper addressed the letter to Chicago, as he swears he did, or addressed it to Seattle, which the fact that the draft fell into the hands of the Seattle company would seem to indicate. There is no presumption that a letter addressed to Chicago, even though improper, incomplete or illegible as to the name of the addressee, would be sent to Seattle or to any place other than to Chicago; hence the whole question was, Did the bookkeeper address the letter to Chicago, as he swears he did, or to Seattle, as he swears he did not, but as it may be inferred he did from the draft coming into the hands of the Seattle company? There was nothing in the failure to complete the address of the letter to the Chicago company by indorsing thereon its street or office number to cause it to go to Seattle. If it was addressed to Chicago, then the jury were justified in concluding that it reached the hands of the proper company, but that, through the mistake or fraud of that company, it was sent by it to Seattle, because, as stated before, it was not lost. The jury believed the defendant's evidence that the letter was addressed to Chicago, rather than the presumption that it was addressed to Seattle, growing out of the fact that the draft turned up in the hands of the Seattle company. This was a determination of a disputed question of fact, and was conclusive upon the court of appeals as it is conclusive upon us.

No question was raised before us as to whether the

bank draft was a proper medium of payment nor as to whether the mails were a proper medium of transmission.

The judgment of the court of appeals is reversed and that of the district court is affirmed.