## J. W. Cordray v. Salia M. Cordray.

(Filed September 4, 1907.)

(91 Pac. 781.)

1.  PROCESS—Service by Publication—Strict Compliance With Statutes. Where publication is relied on and jurisdiction is sought to be obtained of the defendant in an action by publication service alone, the affidavit for publication, as well as the publication notice, are matters jurisdictional, and in order to obtain jurisdiction of the defendant in such case, both the affidavit for publication and the publication notice must comply with the provisions of the statute.

2.  DIVORCE—Service by Publication—Affidavit—Case. An affidavit in an action for divorce, as a basis for service for publication, in the following form: "Salia M. Cordray, being first duly sworn, upon oath say's that she is the plaintiff in the above entitled cause, and that defendant, J. W. Cordray, is not a resident of the territory, but to the best of her knowledge and belief is a resident of ............................, and that service of summons in this case can not be had upon the said defendant in the territory of Oklahoma," does not comply with the provisions of the statute and a judgment rendered in such case is void for want of jurisdiction over the defendant.

3.  SAME. Such affidavit is defective, first, in that it fails to state what, if any, diligence was used to procure personal service of summons upon the defendant; second, in that it fails to state the nature of the action; third, that it fails to state that at the time of the making of the affidavit the defendant was out of the territory of Oklahoma.

(Syllabus by the Court.)

*Error From the District Court of Canadian County; Before Clinton F. Irwin, Trial Judge.*

Reversed.

*Joseph G. Lowe* and *J. J. Carney,* for plaintiff in error.
*Glitsch, Morgan & Glitsch,* for defendant in error.

Opinion of the court by

Pancoast, J.: This action was originally brought in the district court of Canadian county on November 12, 1902, by the de-

fendant in error against the plaintiff in error, for divorce. On the day that the action was commenced the plaintiff filed her affidavit for service by publication. Publication service was made by publishing the notice in a newspaper. The case was heard on the 23rd day of February, 1903, the defendant making no appearance. The plaintiff was granted a decree of divorce and the custody of two minor children. The case remained in this condition until the 25th day of April, 1905, when the plaintiff in error appeared specially and filed his motion to vacate the judgment and decree of the court, for the reason, principally, that the court was without jurisdiction of the person of the defendant, because of the defects in the service. This motion was heard on the 13th day of December, and the motion denied. The appeal is taken from the order refusing to vacate the judgment.

The contention of the plaintiff in error is that the judgment and decree granting the divorce and custody of the children is a nullity. The principal question presented and argued by plaintiff is that arising out of the affidavit for publication. This affidavit reads as follows:

"Salia M. Cordray, being first duly sworn, upon oath says she is the plaintiff in the above entitled cause, and that defendant, J. W. Cordray, is not a resident of the territory, but to the best of her knowledge and belief is a resident of ———, and that service of summons in this case cannot be had upon the said defendant in the territory of Oklahoma.

"[Signed] "SALIA M. CORDRAY."

"Subscribed and sworn to before me this 12th day of November, 1902.

"[Seal] J. E. JONES, Notary Public."

It is claimed that this affidavit is so defective and deficient that the court did not obtain jurisdiction of the defendant in this case. It is not seriously contended by the defendant in error that the affidavit is perfect, but it is claimed that it is not void, and, at most, only voidable.

Where publication service is relied on, and jurisdiction is

sought to be obtained of the defendant in an action by publication service alone, the affidavit for publication, as well as the publication notice, are matters jurisdictional, and, in order to obtain jurisdiction of the defendant in such case, both the affidavit for publication and the publication notice must comply with the provisions of the statute. Section 4276, Wilson's Rev. & Ann. St. 1903, provides that service may be made by publication in an action brought to obtain a divorce where the defendant resides out of the territory. Section 4377 also provides that, before service may be made by publication, an affidavit must be filed, stating that the plaintiff with due diligence is unable to make service of summons upon the defendant or defendants to be served by publication; and showing that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication. It will be seen at a glance that this affidavit is defective; that it does not fully comply with the statute upon the subject. If it is so far defective as to not give jurisdiction of the defendant, it is void, and not voidable merely. If, however, it is only so defective as to be voidable, and not void, then the court obtained jurisdiction.

It is contended, however, that it is not only voidable, but void, first, for the reason that it fails to state that due diligence was used to procure personal service of summons upon the defendant; second, for the reason that it fails to state that the case was one of those mentioned in section 4276; third, that it fails to state that at the time of making the affidavit the defendant was out of the territory of Oklahoma. The affidavit is certainly defective in each of the provisions contended for. There is no statement whatever as to diligence used, much less any statement of facts showing diligence in attempting to obtain personal service, nor is there any statement whatever as to the nature of the action for which publication service was attempted to be had. While the affidavit states that, to the best of the knowledge and belief of the plaintiff, the defendant is a resident of————, and

that service of summons in this case cannot be had upon the defendant in the territory, there is no showing that the defendant was not at that time personally at some point within the territory. The statement that to the best of the knowledge and belief of the plaintiff, if it relates to the question of the whereabouts of the defendant, is not sufficient, and the statement that service of summons cannot be had upon the defendant in the territory is not a statement of fact, but a conclusion.

This statute was adopted in this territory from the state of Kansas, and has been passed upon repeatedly by that state. Among the early cases is the case of *Shields v. Miller,* 9 Kan. 390, which was a foreclosure case. The affidavit in that case was somewhat of the same form and substance as the one at bar, and the court in passing upon the case makes the statement that, from anything that appeared in the affidavit, the defendant may have been in the county where the action was brought, or even upon the land in controversy when the affidavit was filed, and therefore might easily have been served with summons personally. The supreme court further says that: "The affidavit is the foundation upon which jurisdiction is obtained. The plaintiff has no power or authority to obtain service by publication until after he has filed the proper affidavit. Without the affidavit, the attempted service by publication is a nullity, and without valid service every subsequent proceeding, including the judgment, the execution, order of sale, and deed, must necessarily be void." Another case bearing upon the same subject is *Grouch v. Martin,* 47 Kan. 313, 27 Pac. 985. In this case the affidavit for publication failed to state that the action was one of those mentioned in the "preceding section." Also in the case of *Adams v. Baldwin,* 49 Kan. 781, 31 Pac. 681, the court held the same doctrine. Again, in the case of *Patterson v. Patterson,* 57 Kan. 277, 46 Pac. 304, being a divorce case, the court say that the affidavit would be insufficient where there was an entire want of any showing that the case was one of those mentioned in the "preceding section," which is section 78 of our

code.   That "the filing of an affidavit complying substantially
with the terms of said section is a condition precedent to the ob-
taining of service by publication." Again, in the case of *Shields
v. Miller*, 9 Kan. 390, and *Claypoole v. Houston*, 12 Kan. 324, and
*Harris v. Claflin*, 36 Kan. 543, 13 Pac. 830, the court deals with
this subject, following the former decision.   In the last cited case
the affidavit was held to be void.   In *Lieberman v. Douglass*, 62
Kan. 786, 64 Pac. 591, the court holds that "the allegation in
the affidavit that this is one of the cases mentioned in section 72
of the Code of Civil Procedure in the laws of the state of Kan-
sas is not a statement of facts as is required in the affidavit, but a
mere conclusion of law, and renders the affidavit wholly insuffi-
cient under the statute as a basis upon which constructive ser-
vice can properly be predicated."   The court holds in this case
that the defect in the affidavit is fatal, and that the sheriff's deed
and judgment were void by reason of such judgment.   The affi-
davit in this case should have stated that this was an action for
divorce.   This allegation is entirely omitted, and under the num-
erous decisions of the supreme court of Kansas such allegation
is held to be necessary, and a want of it is such a defect that no
valid judgment can be rendered.   Numerous cases in other states
upon similar statutes have been decided, and the holdings are
uniform with those from the state of Kansas.   In the case of
*Galpin v. Page*, 18 Wall. (U. S.) 350, the supreme court of the
United States hold that "where the record states facts showing
that a defendant is without the territorial limits of the court, and
that he never appeared in the action, presumption of jurisdiction
over his person ceases, and the burden of establishing the juris-
diction is upon the party who invokes the benefit of protection of
the judgment or decree."

   So that, applying this rule, there can be no presumption in
favor of the plaintiff below that the court acquired jurisdiction
in any other way than as shown by the record in this case, and
the burden was upon the plaintiff below to establish by the record

a compliance with the statute for service by publication. This includes an affidavit showing the action was one for divorce, that the defendant was a nonresident of the territory, the facts necessary to show that due diligence was used to obtain personal service, and that the defendant, although a nonresident, was not within the limits of the territory. In addition to this, the burden was on the plaintiff to show that a copy of the petition had been mailed to the last known postoffice address of the defendant. In the syllabus of the case of *Galpin v. Page, supra,* the court lays down the rule that a strict and literal compliance with the statutory provisions is necessary; that where the procedure is not according to the course of the common law, but under a special statutory provision and special powers thereby conferred, which are exercised in a special manner, such powers are exercised over a class not within its ordinary jurisdiction, and therefore no presumption of jurisdiction would attend the judgment of the court. As stated in *Lewis v. Lewis,* 15 Kan. 181, these provisions with reference to publication service in divorce cases may be very inadequate, but they are worth something; and, whether adequate or not, it is the legislative direction, and, as such, must not be disregarded. They are precautionary measures calculated to guard against the danger of decreeing a divorce without the knowledge and presence of both parties. Again, our own court, in the case of *Romig v. Gillette,* 10 Okla. 186, 62 Pac. 805, has spoken upon this subject as follows: "Where a party seeks to bring a defendant into court upon service by publication under the code, he must strictly comply with the provisions of the statute, and, unless this is done, the judgment will be void for want of jurisdiction of the person of the defendant." Again in *Rodgers v. Nichols,* 15 Okla. 579, 83 Pac. 923, this court has spoken in a manner which we think is decisive of this case.

From the conclusions which we have reached, we think that the district court erred in overruling the motion of the plaintiff in error to vacate the judgment, and for such error the decision of the court should be reversed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.