## WHITCOMB v. VAUGHAN et al.

No. 19555.   Opinion Filed March 31, 1931.

Allen Wright and George L. Hill, for plaintiff in error.

Wm. A. Woodruff, Pete Helton, and W. R. Banker, for defendants in error.

KORNEGAY, J. This cause comes from the district court of Adair county; Honorable J. T. Parks, judge. It finally went off on sustaining a demurrer to a petition, the object of which was to get possession of some land and to set aside tax deed as a cloud upon the title of the plaintiff, and also to set aside another deed that appeared on the record.

There were a great many efforts made by the plaintiff to make a petition that the defendants did not find some fault with. It is shown by the record that the original petition was filed on the 22nd of September, 1927. It set out the deed that the plaintiff relied upon as her primary source of title. A summons was issued on this petition and served by delivering a copy in person. W. C. Vaughan, Robert Barnett, J. M. Turnbull, W. W. Wright, William Sanders, and Mary Sanders were all served in Adair county on the 24th of September, 1927. Harriet M. Hyer was not found in that county, but on the 24th of October, 1927, she filed a waiver of summons.

J. M. Turnbull and his wife were given notice by Robert Barnett of the action being brought to recover the ground and requiring them to defend their warranty. W. C. Vaughan served notice on Turnbull and wife to defend. J. M. Turnbull filed a separate answer and set out a tax deed dated the 19th of January, 1920, signed by the county treasurer of Adair county, covering the land.

Barnett moved the court to make the plaintiff separately state and number her various causes of action, and as grounds of said motion "show to the court that said petition contains elements of causes of action in ejectment, to quiet title, and for cancellation of instruments so commingled together that it is impossible for defendant to intelligently plead to or answer same." W. C. Vaughan did the same and so did Harriet M. Hyer.

The attorney for the plaintiff countered and wanted the court to make the defendant Turnbull elect between two defenses that were contained in his answer that the plaintiff thought were inconsistent. The motions of Barnett, Vaughan, and Hyer being fully argued, the court found that the motions should be sustained, and allowed 20 days for the plaintiff to number her causes of action, namely, ejectment, quieting title, and cancellation of instruments.

On the 20th of January, 1928, the plaintiff filed an amended petition and she proceeded to divide it into three divisions using Roman numerals. On the 20th of February, 1928, Barnett wanted first, second, and third causes of action of the plaintiff each made more definite and certain, and W. C. Vaughan wanted the same thing, and Harriet M. Hyer filed an answer at that time, and then she withdrew this answer over the plaintiff's objection and exception, and filed a demurrer to the petition.

On the 19th of March, 1928, the defendant Turnbull moved the court to require the plaintiff to make each of her separate causes of action more definite and certain. On the 19th of March, permission of the court to withdraw his answer and file the motion to make more definite and certain was given, and plaintiff excepted.

On the 3rd of April, 1928, the plaintiff filed a second amended petition and this time she divided her petition in three parts using ordinary numerals. She set out at this time a copy of the tax deed relied on by the defendant Turnbull, and also set out a copy of the deed that she alleged had been forged, purporting to have been signed by her.

On the 17th of April, 1928, W. C. Vaughan filed a demurrer on the ground that all three of the causes of action of the plaintiff had been barred by the statute of limitations, and on the 17th of April, Turnbull filed a similar demurrer and so did Robert Barnett, and on the 21st of May, 1928, the plaintiff filed a third amended petition dividing it into three parts and using the Roman method of enumeration. On the same day the defendants Vaughan, Barnett, and Turnbull with a joint motion asked the court to strike out of it some redundant and irrelevant matter, and that matter was as follows:

"At a time when said property had already been sold by the county for 1916 taxes and a certificate issued, to wit, on the 9th day of November, 1917, to one W. M. Wolf, assigning and setting over to said Wolf and his assigns all claims and interest of the county and state to said property on account of the nonpayment of the 1916 taxes; that said tax certificate issued to said Wolf was thereafter, to wit, on the 11th day of March, 1920, redeemed by this plaintiff and a redemption certificate issued to her and that plaintiff has since said date and all

times, paid all taxes due the county and state on said property."

On the same day they filed a joint demurrer, Harriet M. Hyer joining in this, and that demurrer was based on the fact that each cause of action was barred by the statute of limitation.

A final journal entry was made on the 21st of May, 1928, showing that the joint motion of W. E. Vaughan, Robert Barnett, and J. M. Turnbull to strike out the redundant and irrelevant matter was sustained, after being argued by counsel, and that the plaintiff excepted and the court allowed the exceptions, and at that time the plaintiff got permission to file this third amended petition, and the defendants Vaughan, Barnett, and Turnbull filed a motion to strike the redundant and irrelevant matter from this third petition, and the court after hearing argument of counsel struck it out and the plaintiff excepted and the court allowed the exceptions, and Harriet M. Hyer at said time requested permission of the court to withdraw her answer and file a demurrer, and the plaintiff objected to this and exceptions were allowed.

The demurrers of all of the parties were then allowed to be filed to the third amended petition and the demurrers were sustained and the plaintiff elected to stand upon her amended petition and the court dismissed the action and the plaintiff gave notice of her intention to appeal to this court, and has done so. She has filed a brief in this court and the other parties have filed a counter brief.

From these briefs it appears that specifications of error have been made showing that the plaintiff in error was complaining of the action of the court in sustaining the motion of the defendant to strike out parts of the petition and to permit the defendant Hyer to withdraw her answer and file a demurrer and in sustaining the demurrers of the defendants and dismissing the case.

An inspection of these various petitions and amended petitions and motions and counter motions shows that the point at issue was whether or not the plaintiff could attack a tax deed that the defendant Turnbull got from the county treasurer of Adair county on the 19th of January, 1920, and recorded on the 23rd of January, 1920, by the matter set forth in these various petitions.

The defendants, in support of the action of the lower court, urge that the tax deed was valid on its face and that therefore the attack must be made within a year after the filing of the deed for recording purposes, and that the action could not be maintained, and that it was demurrable. It is practically conceded that prior to October, 1925, the deed was a bad deed under the rulings (see page 16 of the brief of the defendant in error) of the authorities cited by the defendant in error to sustain the action of the lower court. In the appeal from the various motions and other things that were leveled at and against the plaintiff, the plaintiff is content with her original brief, filed here in July, 1928.

Since the briefs were filed in this case, this court has passed upon the proposition of these tax deeds and the limitations relied upon. In the case of Linn v. Stubblefield, 138 Okla. 280, 282 Pac. 365, this court held that the defects set out in these various petitions are jurisdictional. Among others that are fatal to the tax deed is the failure to give notice of intention to apply for the deed itself. Aside from that, in this particular the plaintiff has alleged that there were no taxes due on which to base the tax deed, and therefore the deed relied on by the defendants was void.

The deed in this case is what has been called by the defendants in error an individual tax deed. If the allegations of the plaintiff are true, she has paid all of the taxes on this property since about 1912, and the county treasurer had no right to issue another certificate of sale of it, and had no right to issue a tax deed for it under the decision above set forth, which was approved by this court and a rehearing denied June 11, 1929, and a second petition for rehearing denied October 8, 1929. This opinion appears to accord with right and justice, and to prevent taxing officers and tax speculators from destroying the title of people who own property and have consistently paid their taxes.

The case is therefore reversed, with directions to the lower court not to strike out allegations concerning there being no taxes due on the property, and concerning the failure to give notice, and to overrule the demurrers and let the case proceed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, and McNEILL, JJ., concur.

HEFNER and ANDREWS, JJ., not participating.

RILEY, J., dissents.