**William D. FAULKNER, Plaintiff in Error,**

v.

**Lee KIRKES and Artie Kirkes, Defendants in Error.**

No. 36145.

Supreme Court of Oklahoma.

Nov. 3, 1954.

C. E. Dudley, Stamper & Dudley, Antlers, for plaintiff in error.

Bob Perdue, Wilburton, for defendants in error.

ARNOLD, Justice.

William D. Faulkner brought this action in the District Court of Latimer County to cancel and set aside a certain certificate tax deed issued to defendant Lee Kirkes by the County Treasurer of Latimer County on 120 acres of land owned by plaintiff, alleging that said certificate tax deed was obtained by fraud and was void. Defendant answered asserting as a bar to plaintiff's action a judgment of the District Court of Latimer County quieting title to said land in defendant; the service upon plaintiff in said quiet title action was by publication. Plaintiff replied alleging that such judgment was void on its face because of insufficiency of the affidavit for service by publication and affidavit of non-mailing.

Upon trial of the cause the court found that the publication service in the quiet title proceedings was valid; that the proceedings to obtain certificate tax deed and the deed based thereon were valid; that plaintiff had actual notice that a tax certificate was outstanding on his land and therefore it was not necessary that he have notice that application for certificate tax deed had been made; and rendered judgment quieting defendant's title to the land. From order overruling motion for new trial plaintiff appeals.

It is first necessary to determine whether the judgment rendered in the quiet title proceedings was void on its face. A judgment void on the face of the judgment roll may be attacked at any time, either directly or collaterally. Kenoly v. Hawle, 84 Okl. 120, 202 P. 494; Good v. First Nat. Bank, 88 Okl. 110, 211 P. 1051; Moroney v. State ex rel. Southern Surety Co., 168 Okl. 69, 31 P.2d 926. If the affidavit for service by publication does not comply with the requirements of the statute, the court obtained no jurisdiction over the person of William D. Faulkner and the judgment as to him is void. Cordray v. Cordray, 19 Okl. 36, 91 P. 781; Davis v. Rowland, 206 Okl. 257, 242 P.2d 716, Walters v. Weaver, 204 Okl. 72, 226 P.2d 931.

Lee Kirkes brought the quiet title action against " * * * William D. Faulkner, if living or if dead, his unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote * * *" and other named defendants.

12 O.S.1951 § 171, provides:

"Before service can be made by publication, an affidavit must be filed * * *

"In actions against * * * a person or his unknown heirs, executors, administrators, devisees and assigns * * * the affidavit shall state that the plaintiff does not know * * * or with diligence is unable to ascertain whether a person named in the alternative is living or dead, or his whereabouts, and if he be dead, is unable to ascertain the names or whereabouts

of his heirs, executors, administrators, devisees, trustees or assigns * * *."

The affidavit for service by publication was made by the attorney for Lee Kirkes. The affidavit states:

"*Affiant* further states that *he* does not know and with due diligence and upon diligent inquiry cannot ascertain the addresses, residences or places of business of said defendants above named and each of them; that *he* does not know and with due diligence cannot ascertain whether or not any of said defendants be dead, and if they or any of them be dead, with due diligence and upon diligent inquiry cannot ascertain the names, residences or places of business, or whereabouts of the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote of N. C. Faulkner, deceased."

While an attorney may make an affidavit for service by publication, Spaulding v. Polley, 28 Okl. 764, 115 P. 864, the statute, supra, requires that the affidavit must state that *plaintiff* with due diligence cannot make service of summons upon defendant in the state, and that *plaintiff* does not know and with due diligence is unable to ascertain whether a defendant named in the alternative is living or dead, or his whereabouts, and if he be dead, is unable to ascertain the names or whereabouts of his heirs, executors, administrators, devisees, trustees, or assigns, an affidavit made by an attorney which does not state these facts is insufficient. Robinson v. Rockett, Okl.Sup., 275 P.2d 712; Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871. Nowhere does the affidavit state that *plaintiff* does not know and with due diligence is unable to ascertain whether William D. Faulkner is living or dead, or his whereabouts, and if he be dead, is unable to ascertain the names or whereabouts of his heirs, executors, etc. The statute setting forth the requirements of the affidavit for service by publication must be strictly complied with and where the affidavit does not comply with the statute the service and the judgment based thereon are void. The affidavit was not sufficient to confer jurisdiction and this fact shows

on the face of the record. Cordray v. Cordray, supra.

Having ascertained that the judgment quieting title in Lee Kirkes is void, on the face of the record we must next determine whether the proceedings to obtain certificate tax deed are valid.

Record title to the land here involved stood in the name of N. C. Faulkner, father of plaintiff, who died in 1948. Defendant Lee Kirkes bought a tax sale certificate for the amount of the unpaid 1948 taxes in the amount of $10.52. Defendant Kirkes knew N. C. Faulkner prior to his death and knew when he died. On August 30, 1951, Kirkes prepared a notice of application for tax deed addressed to N. C. Faulkner and gave it to the sheriff to serve; that sheriff made a return of "Not found in my county; no one living on land described in notice". Kirkes then made an affidavit for service by publication dated September 10, 1951, date of first publication being September 13th, stating that N. C. Faulkner was a non-resident of the State of Oklahoma, that his residence and place of business was unknown to affiant and could not be ascertained by any means within his control and that affiant could not with exercise of reasonable diligence make service upon the owner of the real estate within the State of Oklahoma; thereafter Kirkes made and filed an affidavit as to non-mailing of notice of application for tax deed dated September 24, 1951, alleging that the residence or place of business of N. C. Faulkner if living, or if dead his unknown heirs, executors, administrators, devisees, trustees, and assigns, were unknown to him and could not be ascertained by any means within his control and therefore he had been unable to mail a copy of the notice of application for tax deed to any of said persons. Kirkes testified that at the time of making these affidavits, although he had known N. C. Faulkner well for many years and knew he was dead, he made no inquiry as to whether N. C. Faulkner had any heirs. He also testified that soon after he obtained the tax deed he learned that N. C. Faulkner had a son and that the banker in Clayton had the son's address but he did not contact the banker to obtain the address though he was acquainted with

the banker. The record also shows that although Faulkner's son, plaintiff here, lived in Chicago he often visited in Latimer County and was known to many people around Clayton; that Kirkes knew where his father's old home in Tuskahoma was; that there was a tenant in his father's old home and a letter addressed to his father at that address would have been forwarded to him.

Kirkes' testimony indicates that instead of seeking knowledge of the true owner of the land he avoided gaining such knowledge, and when he learned, by his own admission, that William D. Faulkner was the true owner of the land and that the banker had his address he carefully avoided learning the address from the banker. Such conduct shows lack of "reasonable diligence" as required by 68 O.S.1951 § 451 to ascertain the whereabouts of plaintiff and fails to show that Kirkes could not ascertain plaintiff's whereabouts "by any means within [his] control" as required by said section and by 12 O.S.1951 § 172, the statute providing for filing affidavit of non-mailing. For analogous decision see Ross v. Thompson, 174 Okl. 183, 50 P.2d 385; Murphy v. Walkup, Okl., 258 P.2d 922. Such conduct is tantamount to fraud and is sufficient to vitiate the proceedings leading up to the issuance of the certificate tax deed and the deed itself, and the holding of the Court that the certificate tax deed was valid and there was no fraud is clearly against the weight of the evidence.

The record shows that prior to the issuance of the certificate tax deed plaintiff had had correspondence with the County Treasurer about the taxes due on his land and the County Treasurer had advised him of the amount due and the fact that there was a tax certificate outstanding on the land and erroneously advised plaintiff that he could redeem the land from taxes at any time before the end of the year. The provisions of 68 O.S.1951 § 451, requiring that notice of demand for tax deed be served on the owner of the land are mandatory and jurisdictional and the finding of the court that plaintiff had actual notice that a tax certificate was outstanding on his land and therefore it was not necessary

that he have notice that application for certificate tax deed had been made is erroneous. See Whitcomb v. Vaughan, 149 Okl. 81, 299 P. 216; Adams v. Rogers, 158 Okl. 163, 13 P.2d 170; Hutchins v. Richardson, 100 Okl. 80, 227 P. 432.

Plaintiff made tender, as required by statute, of all taxes, interest and penalties due on the land. The judgment of the court quieting title in defendants is clearly against the weight of the evidence.

The cause is reversed with directions to vacate the judgment theretofore rendered in the quiet title action, cancel and set aside the certificate tax deed, and to quiet title to the land in William D. Faulkner upon his payment into court of the taxes, penalties, and interest due on the land.

JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.