Ray C. COPAS and Mary Ann Copas, Plaintiffs in Error,

v.

Treva REENTS, Defendant in Error.

No. 39278.

Supreme Court of Oklahoma.

Oct. 31, 1961.

Tom S. Williams, Oklahoma City, for plaintiffs in error.

Blumenthal, Gray & Cohen, Oklahoma City, for defendant in error.

WILLIAMS, Chief Justice.

■ Plaintiff in error, Ray C. Copas, on December 18, 1958, as petitioner, filed in the Children's Court of Oklahoma County, a petition to deprive the parents of Ronnie J. McKenzie, a child under eighteen (18) years of age, of his custody, asking for the temporary custody of such child to be placed in his wife and himself and praying appointment of a person who might give consent to the adoption of the child.

The court set the matter for hearing. Petitioner filed an affidavit that the last known address of the child's mother was at a certain location in California. A notice to the mother was published in one issue of a newspaper. The court entered an order purporting to judicially deprive the (apparently unmarried) parents of the child of all rights to and in the child and named a person who was purportedly authorized to consent to adoption.

Thereafter, and also in such children's court, a separate adoption proceeding was brought by Mr. Copas and his wife, nominee of the court consented in writing to the adoption and a decree of adoption was entered without notice to either parent.

The mother of the child filed in the adoption proceeding on December 15, 1959, her application to vacate the adoption decree of September 16, 1959, hearing was set, notice given the purported adopting parents, the Copases, they filed response, and on December 30, 1959, the court, as recited in an order styled with the style of both the action to deprive custody, No. 12833, and the adoption proceeding, No. 172, determined that Mr. Copas' affidavit in the former case referred to hereinabove "that he did not know the whereabouts of the parent of said child, on the 15th day of December, 1958, was a correct and valid affidavit and not fraudulent."

Such court in said order (of December 30, 1959) determined it had authority (in the proceeding to vacate decree of adoption) to hear evidence on the question of whether the child was in fact dependent and neglected on February 3, 1959 (date of hearing of the first case), consolidated all pending matters in the two cases into one case, and reset the matter for further hearing on February 17, 1960.

At such hearing on the latter date, the court without a jury determined that the child was dependent and neglected on February 3, 1959; that the mother could have learned the whereabouts of the child from the mother's parents; that the mother's mother had placed the child with the Copases at a time the child was in physical need and suffering from neglect.

The court denied the mother's, Treva Reents', application to vacate the February 3, 1959, order in the former case and the September 16, 1959, decree of adoption.

■ Upon appeal to the District Court of Oklahoma County, the Judge thereof determined no notice was given the mother of the child in the prior proceeding (to deprive of custody) and vacated each of the orders of February 3, 1959, and September 16, 1959, in the respective cases referred to hereinabove and ordered the cases remanded to the children's court for further hearing.

The children's court had left the child with the Copases during the entire, respective proceedings and the district court left him in their care.

The Copases appeal.

The sole proposition advanced by plaintiffs in error is that "The District Court erred in refusing to hear the appeal from the children's court on the merits of the case." We do not agree.

20 O.S.1957 Supp. § 885, in part, provides:

"* * * If the person so summoned shall be other than a parent or guardian of the child, then the parent or guardian or both shall also be notified of the pendency of the case and of the time and place appointed, by personal service before the hearing, except as hereinafter provided. * *"

Section 886 of 20 O.S.1957 Supp. provides, inter alia, that:

"Service of summons shall be made personally by the delivery of an attested copy thereof to the person summoned; provided, that *if the judge is satisfied that it is impracticable to serve personally such summons* or the notice provided for in the preceding section, *he may order service* by registered mail addressed to the last known address, or *by publication thereof,* or both, *as he may direct.* It shall be sufficient to confer jurisdiction if service is effected at least forty-eight (48) hours before the time fixed for the hearing. * * *" (Emphasis added).

It is to be observed that section 886, supra, provides "service of summons *shall* be made personally * * *; provided, that * * * the judge * * * *may* order service by registered mail * * * or by publication thereof, or both, as he *may* direct. * * *" (Emphasis added.)

Recently this court in the case of Welch et al. v. Key et al., Okl., 365 P.2d 154, 158, was concerned with the meaning of the words "may select one", referring to the authority of the Governor to appoint successor members of the State Election Board from lists submitted by the respective state central committees of the two dominant political parties.

In the opinion in that case we said:

"The words 'may select one' in so far as discretionary authority is concerned, relate to only one thing and that is, if the Governor wants to make a selection, he may; if he does not want to make a selection, the statutes do not require him to do so."

We hold the language of section 886, supra, to be of meaning that the judge of the children's court may order substituted service by mail or publication or both if he is satisfied that it is impracticable to personally serve the summons for which provision is made in that section or the notice for which provision is made in the preceding

section; and that absent such an order service of summons must be made personally as provided in such section.

Defendant in error, the mother, argues that "Nowhere in the record is there an order from the Judge of the Children's Court finding that the Judge is satisfied that it is impractical to serve personally the summons nor is there an order wherein the Judge ordered service by registered mail or by publication or by both. The record is silent as to this happening, and in fact such an order was never entered."

Continuing, she says, "The record reflects only a proported service by publication. The statute requires an order by the Judge as to service by publication, as above explained. The record does not reflect any such order or direction by the Judge. This is the basis that the District Court found no service on the defendant in error".

■ Plaintiffs in error, the Copases, do not attempt to answer this argument but state that "The Children's Court had the child before it at the times of each hearing. This gave the court jurisdiction. If any irregularities existed as to notice to a parent this did not deprive the court of jurisdiction."

We have examined the record and find neither an order of the children's court that personal service upon defendant in error was impracticable nor an order directing service by publication.

In *72 C.J.S. Process* § 55, p. 1069, is the following language:

"The purpose of statutes authorizing service of process by publication is to give defendants notice that an action against them is pending and an opportunity to come to court and make their defense. Inasmuch as service of process by publication is in derogation of the common law, the statutes authorizing it are subject to strict construction and must be strictly, literally, and fully complied with in order to render such service valid and give the court

jurisdiction of defendant. Every step required to be taken by the statute is essential to the validity of the service and, if any of the steps necessary to secure it are omitted, the court will not obtain jurisdiction over defendant to render judgment; * * *."

In 72 C.J.S. Process § 65, par. a, p. 1093, the author states:

"An order of publication is essential to service of process by publication where it is required by statute. * * It has been said that such an order takes the place of process and that its purpose is to bring a party into court, apprise him of the nature of the proceeding against him, and to notify him that his rights will be affected thereby."

Further, in § 65, supra, par. c, p. 1095, is the following:

"An order for publication must be in writing and comply with statutory requirements as to contents."

In Faulkner v. Kirkes, Okl., 276 P.2d 264, 47 A.L.R.2d 418, in the second paragraph of the syllabus, we said:

"The requirement of 12 O.S.1951 § 171 that 'before service can be made by publication an affidavit must be filed stating that the plaintiff does not know and with due diligence is unable to ascertain * * * whether a person named in the alternative is living or dead, etc.' is not complied with by an attorney making the affidavit that he does not know 'and with due diligence cannot ascertain the addresses, residences, or places of business of said defendants * * * and with due diligence cannot ascertain whether or not any of said defendants be dead, etc.' Such affidavit is mandatory and jurisdictional and unless the provisions of the statute are strictly complied with there is no jurisdiction."

We believe the reasoning in that case apropos here. The children's court not having issued an order finding that personal service upon defendant in error was impracticable and directing service by publication, it follows that the attempted service on defendant in error of notice by publication was invalid.

Affirmed.